## HOYT v. BATES et al.

### (Circuit Court, D. Massachusetts. July 3, 1897.)

### No. 751.

JURISDICTION OF FEDERAL COURTS—COPYRIGHT CASES—TITLE TO COPYRIGHT.

A bill filed in the state court alleged that complainant was the author of a certain song; that the song and accompanying music were his property; and that defendants, without his knowledge, procured a copyright thereon. The bill prayed that defendants be ordered to assign the copyright to complainant, "by instrument of assignment such as is provided for by the statute of the United States," and also prayed an injunction to restrain defendants from interfering with his right to the use of the song. *Held,* that this was not a suit arising under the copyright laws of the United States, so as to be within the jurisdiction of the federal courts, but was one merely involving the title to the copyright, which depended on the rules of the common law, and hence that the suit was not removable from a state to a federal court.

This was a suit in equity by Charles H. Hoyt against Edwin G. Bates and others to compel an assignment by defendants to complainant of a copyright in a song entitled "Sweet Daisy Stokes," and to enjoin defendants from interfering with the use of said song by complainant. The bill was filed in the superior court for the county of Suffolk, Mass., and was removed to this court on petition of the defendants. The cause was heard on motion to remand.

The bill, omitting the formal parts, was in full as follows:

(1) The complainant is a playwright and theatrical manager, and has written many plays and dramas, containing songs and music, which have been eminently successful before the public throughout the United States and Canada. In 1894 he wrote a play entitled "A Black Sheep," and, as a part thereof, the words of a song entitled "Sweet Daisy Stokes." The music to be used in connection with said words was written by Richard Stahl, who was then in the employ and pay of the complainant, and said song and music became and are the property of the complainant, and are valuable as a part of said play, and independently thereof. The said song is, in the production of said play, sung by Goodrich Mudd, principal character thereof, which role has from the first been taken by Otis Harlan, an actor in the employ of the complainant, and a resident of the city, county, and state of New York.

(2) The respondents are music publishers in the city of Boston, and one or both of them have been and are connected with theatrical matters, as musical director and otherwise. In December, 1894, the respondents desired to print and sell said song, and they negotiated with complainant and said Harlan for the right so to do. Complainant authorized said Harlan to give the respondents the right to print and sell copies of said song, but upon the express proviso that the arrangement to be made and the right to be given respondents should not interfere in any manner with any use which the complainant might wish to make of the words or music of said song, and the same proviso had previously been stated by complainant to respondents as a condition which must be a part of any agreement to be made with them.

(3) The respondents, as complainant knew, did print and publish said song, and offered the same for sale, and sold copies thereof; and without complainant's knowledge, until recently, the respondents deposited the title of said song in the office of the librarian of congress at Washington, in their own names, and took the other steps necessary to secure a copyright thereof, and now hold said copyright in their own names.

(4) The complainant continued to make use of said song in his play "A Black Sheep," throughout the United States, without objection from respondents, and recently arranged with the New York Herald, a newspaper published in the city of New York, to print the same in a Sunday edition thereof, to be issued some time during the month of January, 1896. His said play was then being pro-

81 F.—41

duced at Hoyt's Theater, in the city of New York, where it had been running for —— nights; and such publication by said paper would have been of great benefit as an advertisement of said play, and to the complainant. It would, moreover, have been an advantage to the respondents in the sale of copies of said song, for the reason that large numbers of persons would have seen it in the newspaper. It is a common practice among music publishers to induce some leading newspaper to print the words and music of their publications for the purpose of increasing the sales thereof, it being found that persons who see the music in the·newspapers are unable to make continued use of it in that form of publication, and purchase the same from music dealers to secure the same in more permanent form. According to the provisions of the United States statutes concerning copyright, a penalty of one dollar a copy attaches to the unauthorized publication of copyright works; and, upon discovering that the respondents claimed to hold the copyright upon this piece, application was made to them for permission.to publish as aforesaid, so that there might not be any technical violation of the statute. The respondents refused to allow the complainant to make said use of said song, and claimed that they were entitled to the exclusive control thereof, by virtue of a contract signed by the said Harlan, a copy of which the complainant has secured from respondents' counsel, and attaches hereto as "Exhibit A," and threatened to prosecute the publishers of said paper if said song was so printed by them. Said publishers thereupon refused to print the song, and complainant was deprived of the benefit which would have resulted therefrom. Complainant says that said Harlan had no authority to give to respondents exclusive rights in the publication of said song, in derogation of complainant's rights to make such use of said song as he might wish, and .that respondents have no right of ownership in said copyright, or right to enforce any penalty for the violation thereof, but that said copyright and the right to·use said song as he may wish belong to complainant.

Wherefore complainant prays: First. That respondents may be ordered to transfer and assign said copyright so held in their name to him by instrument of assignment, such as is provided for by the statutes of the United States. Second. That an injunction issue restraining respondents from interfering in any manner with the use by complainant of said words and music. Third. That a preliminary injunction issue from this court restraining respondents from interfering with any use which the complainant may desire to make of said words and music, and from threatening any person authorized by the complainant to make use thereof with prosecution under said copyright laws, and in particular from threatening the owners and publishers of the New York Herald, aforesaid, with suit or prosecution for violation of the copyright so standing in their names, and from prosecuting or suing said New York Herald or any other person or corporation authorized by the complainant to use said words and music.

To this bill there was attached as an exhibit the following contract:

Exhibit A.

Boston, Mass., Jan. 1, 1895.

This agreement is entered into between Charles H. Hoyt, and Otis Harlan, and Bates & Bendix, music publishers, of Boston, Mass., for the publication of the song entitled "Sweet Daisy Stokes." Said Bates & Bendix agree to pay to said Charles H. Hoyt and Otis Harlan a royalty of five cents on each copy; royalties to be paid every three months from date of publication. Said Bates & Bendix are to have full and absolute rights of words and music of said song for publication only.

[Signed]                                    Otis Harlan,
                                            For Hoyt & Harlan.
[Signed]         ·                          Bates & Bendix.

Elder, Wait & Whitman, for complainant.

1. It is submitted that the case presented by the complainant's bill is founded upon the contract between the parties, and not upon the statutes of the United States relating to copyright, and therefore there is no jurisdiction in this court to entertain this bill on removal. Silver v. Holt, per Colt, J., May 13, 1895; Pulte v. Derby, 5 McLean, 328, Fed. Cas. No. 11,465; Little v. Hall, 18 How. 165; Jollie v. Jaques, 1 Blatchf. 618, Fed. Cas. No. 7,437. These cases all

arose on the question of copyright, but the cases on patent questions are equally decisive, and both rest on the same clause of the statute. Rev. St. U. S., § 711, cl. 5; Manufacturing Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756; Felix v. Scharnweber, 125 U. S. 54, 8 Sup. Ct. 759; Wilson v. Sanford, 10 How. 99; Hartell v. Tilghman, 99 U. S. 547; Trading Co. v. Glaenzer, 30 Fed. 387; Ingalls v. Tice, 14 Fed. 352; Bloomer v. Gilpin, 4 Fish. Pat. Cas. 50, Fed. Cas. No. 1,558. If the circuit could have no original jurisdiction of such case, it can have none by removal on the ground that a federal question is involved. Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550. The cases are many where state courts have taken jurisdiction of cases involving patents and copyrights, where the controversy grew out of some contract right. Carter v. Bailey, 64 Me. 458; Willis v. Tibbals, 33 N. Y. Super. Ct. 220; Gould v. Banks, 8 Wend. 562; Lockwood v. Lockwood, 33 Iowa, 509; Green v. Wilson, 21 N. J. Eq. 211. The state courts have taken jurisdiction of suits to compel the assignment of patents, and have ordered such assignments to be made (Barton v. White, 144 Mass. 281, 10 N. E. 840; Somerby v. Buntin, 118 Mass. 279; Binney v. Annan, 107 Mass. 94; In re Keach, 14 R. I. 571; Fuller & Johnson Manuf'g Co. v. Bartlett, 68 Wis. 73, 31 N. W. 747; Bank v. Robinson, 57 Cal. 520); while the federal court has declined jurisdiction in a similar case (Ryan v. Lee. 10 Fed. 917). That the state court may be incidentally called upon to pass upon the validity of a patent or copyright does not oust its jurisdiction when the case before it is founded on a contract right. Brown v. Hedge Co., 64 Tex. 396; David v. Park, 103 Mass. 502; Nash v. Lull, 102 Mass. 62; Merserole v. Union Paper Collar Co., 6 Blatchf. 356, Fed. Cas. No. 9,488.

2. The jurisdiction of the federal court must appear upon the face of the plaintiff's pleading. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34. Where the jurisdiction of the federal court is doubtful, the case should be remanded. Fitzgerald v. Railway Co., 45 Fed. 812; Wolff v. Archibald, 14 Fed. 369.

3. If this case does involve a federal question under the copyright laws, then the state court had no jurisdiction whatever. Pierpont v. Fowle, 2 Woodb. & M. 23, Fed. Cas. No. 11,152; Boucicault v. Hart, 13 Blatchf. 47, Fed. Cas. No. 1,692. Where there is a total absence of jurisdiction over the subject-matter in the state court, so that it had no power to sustain the suit in which the controversy was sought to be litigated, in its then existing form or any other form, there can be no jurisdiction in the federal court to entertain it on removal, although in some other form it would have plenary jurisdiction over the case made between the parties, and the case should be remanded. Fidelity Trust Co. v. Gill Car Co., 25 Fed. 737, 739; Hummel v. Moore, 25 Fed. 380.

4. Where the jurisdiction depends on the patent or copyright laws, the amount involved is of no consequence, and the extraordinary attempt of the defendants to make out an amount of two thousand dollars in possible penalties to be paid by possible infringing newspapers was unnecessary. Miller-Magee Co. v. Carpenter, 34 Fed. 433.

5. This case could not have been removed by the defendants on the ground of citizenship, even if that ground had been alleged in their petition, inasmuch as they are residents of Massachusetts, and, as such, have no right to remove the case.

## Alex. P. Browne and S. C. Upton, for defendants.

The defendants insist that this case involves a question arising under the copyright laws of the United States. In Knights of Pythias v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, an action to recover upon a life insurance policy, which had been originally brought in a state court, was removed by the defendant company upon the sole ground that it was a corporation created by an act of congress. The supreme court of the United States entertained and decided the question in the case, apparently without hesitation as to their jurisdiction. In the case of Knights of Pythias v. Hill, 22 C. C. A. 280, 76 Fed. 468, also a suit against the same corporation to recover life insurance, it was expressly held by the court of appeals for the Fourth circuit that the case was properly removed by the defendant into the circuit court of the United States on the sole ground that it appeared from the declaration that the defendant was incorporated under the laws of the United States. Now, in the present case suit is brought against

one averred to be the proprietor of a copyright under the laws of the United States, and the question of his rights and duties as such proprietor is necessarily involved. It appears from the facts stated in the bill that the defendants have copyrighted the song in question as "proprietors," as that word is used in the copyright laws, and the bill alleges that the defendants, as "holders" of the copyright, have threatened to proceed against the New York Herald for penalties and forfeitures under the copyright laws, in case that it shall publish the said song without their permission. The decision of the questions so presented, as to the defendants' title as proprietors of the copyright song, and the extent of their right of use as such proprietors, will necessarily involve the construction of the copyright laws of the United States. It is respectfully submitted that the motion to remand should be denied.

Since the foregoing brief was printed, the attention of counsel has been called to Duke v. Graham, 19 Fed. 647, cited with approval in Rob. Pat. § 857. This appears to be a clear authority to the effect that a controversy like the present involves a federal question, and is within the jurisdiction of this court.

PUTNAM, Circuit Judge. This suit was removed by the respondents from the state court to this court, on the alleged ground that it is one arising under the laws of the United States. The complainant seasonably moved to remand it. In determining whether or not the suit was removable for the reason given, we are strictly limited to what appears on the face of the bill of complaint. The latest affirmation of this rule is Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738. Of course, in making this determination, we must look through the complaint for the purpose of ascertaining what is the real question presented thereby, rejecting all such matters as are merely incidental thereto.

The subject-matter out of which the suit arose concerns a copyright issued under the statutes of the United States. Section 711 of the Revised Statutes provides that the jurisdiction vested in the courts of the United States shall be exclusive of the courts of the several states in "all cases arising under the patent-right or copyright laws of the United States"; and by the ninth paragraph of section 629 of the Revised Statutes this jurisdiction is left in the circuit courts. The only basis of the respondents' claim that this suit presents a federal question is in the proposition that it arises under the copyright laws of the United States; and, if this proposition were correct, it would appear that there was no valid suit ever pending in the state court which could be the basis of jurisdiction in this court after removal, and that all we could do would be to dismiss the suit, or remand it, and leave the respondents to their writ of error if the state court persisted in assuming jurisdiction. We are of the opinion, however, that, within the purview of the decisions of the supreme court, the case is not one arising under the copyright laws of the United States, and that it presents no federal question; and that, therefore, the state court had full jurisdiction over it, and it must be remanded.

It is alleged in the bill that the complainant composed a certain song, which was copyrightable, and that the song and the music accompanying it "became and are" his property. There is nothing which contains any admission that the complainant ever parted with the presumptive title which these allegations are sufficient to vest in him. The bill further alleges that the respondents, without the

complainant's knowledge, obtained a copyright for the song in their own names, and that they have no right of ownership in it. It prays that "the respondents may be ordered to transfer and assign said copyright, so held in their names, to him,"—that is, the complainant,—"by instrument of assignment such as is provided for by statute of the United States." The bill also prays that "an injunction issue, restraining respondents from interfering in any manner with the use" by complainant of the copyrighted matter; and there is also a prayer for a preliminary injunction. It alleges incidental matters showing especial need for the issuing of injunctions, both permanent and preliminary; but all this flows out of the main controversy as shown by the bill, is wholly incidental to it, and forms no part of the essential issue which the pleadings raise.

The bill assumes that the copyright is valid, and it alleges no infringement, nor anything which can raise any question as to its scope or legality. On this statement of the pleadings, the only issue presented by the bill is one of title, depending on the rules of the common law, and in no way on any statute of the United States. It has so long been settled that a suit of that character is not within the class of removable causes that it is necessary to refer only to Wade v. Lawder, 165 U. S. 624, 627, 17 Sup. Ct. 425, as the latest statement of the rule, and also of the subsidiary rule that the jurisdiction is not affected by the fact that a federal question may possibly come in incidentally. The decisions relied on by the respondents in regard to corporations organized by congress have always stood on a special basis, and do not reach the case at bar. Railway Co. v. Cody, 166 U. S. 606, 609, 17 Sup. Ct. 703. Wade v. Lawder also settles that those authorities relied on by the respondents, which make a distinction arising from the fact that the controversy goes back of the issue of the patent or copyright, are not sound. It is adjudged and ordered that the suit be remanded to the court from which it was removed, and that the complainant in the state court recover his costs in this court.