**WELLS v. UNIVERSAL PICTURES CO., Inc., et al.**

District Court, S. D. New York.
Dec. 14, 1945.

Archibald Palmer, of New York City, for plaintiff.

Julian T. Abeles, of New York City (Julian T. Abeles, Leopold Bleich, and Samuel D. Cohen, all of New York City, of counsel), for Universal Pictures Company, Inc., Universal Film Exchanges, Inc., Big U Film Exchange, Inc., Bud Abbott and Lou Costello.

J. Robert Rubin, of New York City, for Loew's Incorporated.

Boudin, Cohn & Glickstein, of New York City (Louis B. Boudin, of New York City, of counsel), for defendant Joseph Palladino, also known as Joey Faye.

KNOX, District Judge.

Plaintiff's complaint is to the effect that he is the author of an uncopyrighted comedy sketch called "Flugel Street" which, with his consent, was publicly presented in numerous theatrical productions throughout the United States in the season of 1918-1919, and subsequent years. This literary property and all rights in and to the same, it is claimed, are still owned and possessed by plaintiff.

The pleading alleges that on or about June 2, 1942, Joseph F. Palladino, one of the defendants, through fraudulent representations and misstatements of fact, wrongfully copyrighted the sketch under Class D, ump. No. 80434, in the Copyright Office of the United States. Palladino, in order to disguise the authorship and ownership of the sketch, is said to have changed the spelling of the title to "Floogle Street."

The complaint then proceeds to aver that in 1943 Universal Pictures Co., Inc., manufactured a motion picture entitled "This is the Life," which wrongfully incorporates the plot and comedy effect of plaintiff's literary production, and that the picture company, and each of the other defendants have since, and in one way or another, participated in the piracy.

As a result of all this, plaintiff asks that defendants be restrained from further in-

fringement upon his rights; that they be required to account for profits received, and be held for damages sustained. Furthermore, plaintiff asks that the Palladino "Floogle Street" copyright be declared null and void.

Plaintiff is a citizen of the United States residing in the City of New York. Although the complaint does not so state, I shall assume that he is also a citizen of New York. Universal Pictures Co., Inc., Universal Film Exchange, Inc., and Loews, Inc., are corporations organized under the laws of Delaware. Bud Abbott and Lou Costello are citizens of California, while Joseph F. Palladino is a citizen of the State of New York. Big "U" Film Exchange Inc., is a corporation of the last mentioned State. The amount in controversy is conceded to be in excess of $3,000, exclusive of interest and costs. But, as already shown, if my assumption as to plaintiff's New York citizenship be correct, there is no diversity of citizenship between him and two of the defendants, viz., Palladino and Big "U" Film Exchange, Inc.

■ In order for this court to exercise jurisdiction, it is necessary, under the provisions of 28 U.S.C.A. § 41(1) (7), that the suit should arise under the Constitution or laws of the United States (in this instance, the copyright laws) or be between citizens of different states.

■ Upon the assertion that this action does not fall within any of these alternatives, and that the court, therefore, is without jurisdiction, the defendants here ask for a dismissal of the complaint. They rely, in part, on a long line of federal court decisions which hold that when jurisdiction is founded upon diversity of citizenship between one plaintiff and several defendants, such diversity must exist between such plaintiff and each of the defendants. These pronouncements start with Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, and continue over the years as far, at least, as Olsen v. Jacklowitz, 2 Cir., 74 F.2d 718, 719, in which it was said:

"But when a suit, there cognizable (in the United States District Court) only on the ground of diversity of citizenship, is originally brought in a federal court, the plaintiff's choice of parties is controlling on the question of jurisdiction."

From these cases, it is perfectly apparent that if jurisdiction is here to be sustained, it must be on a basis other than that of diversity of citizenship.

■ Defendants further say that inasmuch as plaintiff never copyrighted his version of "Flugel Street," the suit cannot properly be held to be founded on a law of the United States. This, obviously, is so. Plaintiff, nevertheless, argues that such rule should not here be applied by reason of his allegations that his literary production was fraudulently copyrighted by Palladino, and that he is entitled to a decree declaring that copyright to be null and void.

With this contention, I can not agree. Aside from the question of plaintiff's right to a declaratory judgment under the provisions of Section 400 of Title 28 U.S.C.A., which will be discussed later, the most that can be said in favor of plaintiff's position, is that he now asserts a common law right, and anticipates that Palladino, in response thereto, will plead his allegedly fraudulent copyright. This is far from being enough to sustain jurisdiction. On this subject matter, Mr. Justice Gray in State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 657, 38 L.Ed. 511, had this to say:

"And by the settled law of this court, as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States, does not make the suit one arising under that constitution or those laws."

Another case closely in point is that of Cohan v. Richmond, 2 Cir., 86 F.2d 680, 682. In that litigation, plaintiff sought an injunction and accounting against persons who allegedly copyrighted, printed and sold songs of which plaintiff claimed to be the author. In deciding the matter, the court said:

"The first question is whether the bill laid a suit in equity under sections 34 and 36 of the Copyright Act (17 U.S.C.A. §§ 34, 36). Did the suit arise under the copyright laws? The second count certainly did not, for the plaintiff failed to allege that his songs had ever been copyrighted."

In Hoyt v. Bates, C.C., 81 F. 641, 645, also, the plaintiff had title to a copyrightable song, but failed to copyright it. Thereafter, the defendant, without plaintiff's knowledge and consent, copyrighted the same. In the suit that followed, it was asked that defendant be directed to transfer

and assign the copyright to plaintiff. In denying plaintiff's right to such relief, the court stated:

"On this statement of the pleadings, the only issue presented by the bill is one of title, depending on the rules of the common law, and in no way on any statute of the United States."

See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

Furthermore, and by way of reply to plaintiff's assertion that unless this court retains jurisdiction of his suit, he is without remedy for the wrong that is said to have been done him, attention is called to the decision of the Appellate Division, First Department, of the State of New York, in Outcault v. Lamar, 135 App.Div. 110, 119 N.Y.S. 930, 931. Speaking for that court, Mr. Justice Laughlin declared:

"The question as to whether the state court has jurisdiction depends upon the allegations of the complaint, and, unless it appears therefrom that the plaintiff seeks to enforce a right based upon the copyright laws of the United States, the federal court would have no jurisdiction of the case in the absence of a diversity of citizenship, and the state courts would have exclusive jurisdiction, even though the answer presents a defense based upon the copyright laws."

With respect to plaintiff's claim that this court may exercise jurisdiction in the instant case, by virtue of Section 400 of Title 28 U.S.C.A., and that the alleged invalidity of Palladino's copyright is the main issue involved therein, it may be observed that this statement is not altogether accurate. If it were, plaintiff's rights against defendants, other than Palladino, might well depend upon a determination of the issue that is tendered him. From the answers of the defendants now on file, it appears that none of Palladino's co-defendants claims any right that was derived from him. Indeed, with the exception of Loews, Inc., each of Palladino's co-defendants admit that Palladino's copyright is illegal and void. From this it would appear that plaintiff's rights against the other defendants are separate and distinct from those asserted against Palladino. This separability, consequently, would attach itself to the actual controversies existing between plaintiff and some of the several defendants, and possibly make it inexpedient to try them together.

But, however this may be, the question need not be decided. The pending motions may be disposed of by adding to that which has so far been said that, in my opinion, Section 400 of Title 28 U.S.C.A. did not broaden the fundamental bases of jurisdiction that are specified in Section 24 of the Judicial Code of the United States. It is nothing more than a procedural statute to which resort may be had for the purpose of determining rights that arise in cases and controversies over which the District Courts have long had jurisdiction. Mutual Life Ins. Co. of N. Y. v. Moyle, 4 Cir., 116 F.2d 434; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; Thompson v. Moore, 8 Cir., 109 F.2d 372, and Bradford v. City of Somerset, D.C., 47 F.Supp. 171.

In support of the position taken by plaintiff, stress is laid on this court's opinion in Mitchell & Weber, Inc., v. Williamsbridge Mills, Inc., D.C., 14 F.Supp. 954. It was there held in a suit wherein there was no diversity of citizenship, and which had for one of its objectives that a patent held by a defendant be voided, that advantage might be taken of the Declaratory Judgment Act. That case, it must be admitted, seems to support the plaintiff's resistance to the pending motions, but insofar as it does so, I think the decision is of doubtful authority, and I decline to follow it.

Without further discussion, each of the several motions of the defendants will be granted, and plaintiff's bill dismissed.