## MAGIC FOAM SALES CORPORATION v. MYSTIC FOAM CORPORATION.

### Civ. No. 24438.

District Court, N. D. Ohio, E. D.

April 18, 1947.

Hyde, Meyer, Baldwin & Doran, of Cleveland, Ohio (John W. Meyer, of Cleveland, Ohio), and Frank Zugelter, of Cincinnati, Ohio, for plaintiff.

Raymond L. Davis, of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is an action by the Magic Foam Sales Corporation, of Ohio for infringement of its unregistered common law trade-mark by the Mystic Foam Corporation, also of Ohio.

The plaintiff's predecessor was Magic Foam, Inc., incorporated on or about November 14, 1932. The defendant's alleged infringing trade-mark "Mystic Foam" was registered with the United States Patent Office on October 8, 1935.

For relief, the plaintiff asks that the defendant be enjoined from further use of the term "Mystic Foam," that the Commissioner of Patents be ordered to cancel the certificate of registration of defendant's alleged infringing trade-mark and that it be awarded treble damages for wanton infringement.

The plaintiff bases jurisdiction of this court upon the following grounds:

1. The Trade-Mark laws, particularly Title 15 U.S.C.A. § 97 providing that: "The district and Territorial courts of the United States and the district court of the United States for the District of Columbia shall have original jurisdiction, and the circuit courts of appeal, of the United States and the United States Court of Appeals for the District of Columbia shall have appellate jurisdiction of all suits at law or in equity respecting trade-marks registered in accordance with the provisions of this subdivision of this chapter, arising thereunder, without regard to the amount in controversy."

2. That part of the Judicial Code (Title 28 U.S.C.A. § 41, paragraph (7), which is as follows:

"The district courts shall have original jurisdiction as follows: (7) Of all suits at law or equity arising under the patent, the copyright, and the trade-mark laws."

3. The fact that both parties engage in interstate commerce with their respective "Foam" products over the same trading areas.

4. The fact that district courts are empowered to order the cancellation of trade-mark registrations improperly or unlawfully registered in the Patent Office.

The defendant has moved to dismiss for lack of jurisdiction on the grounds that:

(1) There is no diversity of citizenship, and,

(2) A district court has no jurisdiction to cancel a registered trade-mark not in issue.

In this case the plaintiff's trade-mark is unregistered while the defendant's trade-mark is registered. Is this a suit "respecting trade-marks registered in accordance with the provisions of this subdivision of this chapter * * *", within the meaning of Section 97 quoted above? The cases hold that when there is no diversity of citizenship, the Federal courts have no jurisdiction to enforce common law trade-mark rights. Hunyadi Janos Corporation v. Stoeger, 2 Cir., 10 F.2d 26. "Furthermore, as the trade-mark was not registered, the cause of action for infringement was dependent on diversity of citizenship between the complainant and all the defendants * * *." American Broadcasting Co. v. Wahl, 2 Cir., 1941, 121 F.2d 412, 414.

In another action for infringement of a common law trade-mark, Judge Mandelbaum said: "Since the trade-mark is not registered, jurisdiction is not conferred in this court under the trade-mark laws of the United States." Genovese et al. v. Skol Co., Inc., et al., D.C.S.D.N.Y., 1945, 73 F.Supp. 423.

The fact that the allegedly infringing trade-mark is registered would not seem to be sufficient, without diversity of citizenship, to give a Federal court jurisdiction. It is the plaintiff who is seeking the enforcement of a right and unless this right is one which is claimed by virtue of the trade-mark laws of the United States, the plaintiff must seek his remedy in the state courts.

As to the cancellation of the defendant's trade-mark registration, Section 93 of Title 15 U.S.C.A. provides a method whereby any person who "shall deem himself injured by the registration of a trademark * * * may at any time apply to

the Commissioner of Patents to cancel the registration thereof." It seems entirely inappropriate that the plaintiff should ask the court to order the Commissioner to cancel a registration when there is no allegation that it has exhausted its administrative remedy under Section 93. Kellogg Co. v. National Biscuit Co., 2 Cir., 71 F.2d 662.

The plaintiff invokes the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, which held that once a Federal court has acquired jurisdiction by virtue of a substantial federal question raised in the complaint, it will proceed to deal with local questions involved in the controversy although it has decided the federal questions adversely to the party raising them. But, claims arising out of unregistered common law trade-marks between citizens of the same state do not present substantial federal questions.

The defendant's motion to dismiss is well taken and will be granted.

Enter order accordingly.