MAGIC FOAM SALES CORPORATION v. MYSTIC FOAM CORPORATION.

No. 10551.

Circuit Court of Appeals, Sixth Circuit.

March 22, 1948.

Court to enjoin the appellee, The Mystic Foam Corporation, from using the term "Mystic Foam" as a trade-mark on any of its products. The complaint also prayed that an order issue to the Commissioner of Patents directing that the appellee's trade-mark registration certificate for a cleaning preparation displaying the term "Mystic Foam" be cancelled. The appellant alleged that it had been engaged in the manufacture and sale of a cleanser for cleaning upholstery furniture, carpets, draperies and other household articles for many years in the State of Ohio and other parts of the United States; had expended substantial sums of money in advertising its products under the trade-mark "Magic Foam"; had been applying its trade-mark "Magic Foam" to its said products and had established a valuable good will in the sale of such trade-mark merchandise; that the products of the appellant and appellee, sold in interstate commerce under the trade-marks "Magic Foam" and "Mystic Foam" are goods of the same descriptive properties; and that appellee's trademark was improperly and unlawfully registered in the United States Patent Office. Appellant's trademark "Magic Foam" was not, however, registered under the Federal trade-mark laws. Both appellant and appellee are Ohio corporations. The District Court sustained the appellee's motion to dismiss the complaint for lack of jurisdiction, from which order this appeal was taken.

The appellant contends that jurisdiction exists under Title 28 U.S.C.A. § 41 (7), which provides that the district court shall have original jurisdiction "Of all suits at law or in equity arising under the patent, the copyright, and the trade-mark laws," and also by reason of Title 15 U.S.C.A. § 97 (Federal Trade-mark Act), which provides that the district courts shall have original jurisdiction "of all suits at law or in equity respecting trade-marks registered in accordance with the provisions of this subdivision of this chapter, arising thereunder, without regard to the amount in controversy." Although the wording of the two statutory provisions is not identical, their substance is the same and raises the same issue. In the absence of diversity of

Frank Zugelter, of Cincinnati, Ohio (Zugelter & Zugelter, of Cincinnati, Ohio, on the brief), for appellant.

Frank R. Higley, of Cleveland, Ohio (Raymond L. Davis, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Magic Foam Sales Corporation, brought this action in the District

citizenship does the U. S. District Court, at the instance of a plaintiff owning a common-law trade-mark right, have jurisdiction, under the statutory provisions referred to, to protect such a property right? We think the District Court correctly ruled on this issue. The appellant contends that the fact that the defendant-appellee's infringing trade-mark "Mystic Foam" was registered with the U. S. Patent Office brings the action within the statutory provisions, even though the appellant's trade-mark "Magic Foam" was not so registered. This contention finds little, if any, support in the authorities. The rule appears settled in cases involving patents that where the plaintiff has no record title to the patent in question under the Federal patent laws the action is not one arising under the patent laws within the meaning of Title 28, U.S.C.A. § 41(7). The necessary federal right which the statute is intended to protect is not in existence at the time when the suit is filed. In the absence of diversity of citizenship and necessary jurisdictional amount in controversy, such an action must be brought in the state court. Luckett v. Delpark, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676; Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930; Zalkind v. Scheinman, 2 Cir., 139 F.2d 895; Derman v. Stor-Aid, 2 Cir., 141 F.2d 580. See also Stark Bros. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496. Appellant's contention that the rule is restricted to cases involving patents, and does not apply to cases involving trade-marks, is not well taken. The statutory provision groups together patents, copyrights and trade-marks without distinction. The same rule has been applied in cases involving copyrights. Cohan v. Richmond, 2 Cir., 86 F.2d 680, 682; Wells v. Universal Pictures Co., D.C.S.D.N.Y., 64 F.Supp. 852; Hoyt v. Bates, D.C.Mass., 81 F. 641. Both patents and trade-marks were involved in Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir., 125 F.2d 565, where the rule was applied in both instances, with the Court specifically stating that the same rules of law regarding jurisdiction applied to both patents and trade-marks. Trade-marks were also involved in Hunyadi Janos Corp. v. Stoeger, 2 Cir., 10 F.2d 26. Nor do we agree with the appellant's further contention that the rule is not applicable in cases where the defendant has a registered trade-mark or patent, which the plaintiff's action seeks to attack. The reasoning of the foregoing cases is equally applicable to cases involving that factor. In several of them defendant had a registered patent, copyright or trade-mark, although the validity of such registration was not attacked. But the validity of the opposing party's registration was involved in the counterclaim in Derman v. Stor-Aid, supra, and in Wells v. Universal Pictures Co., supra. See also Aralac, Inc. v. Hat Corporation, D.C.Del., 64 F.Supp. 696. Administrative procedure was available to the appellant at the time this action was filed to have appellee's registration cancelled by the Commissioner of Patents. Title 15 U.S.C.A. § 93. Appellant cites to us Section 37 of the Lanham Trade-Mark Act of July 5, 1946, Title 15 U.S.C.A. § 1119, which provides that the Court may order the cancellation of registrations. Even if we should assume (which is not so decided herein) that the section goes beyond merely giving the Court, as well as the Commissioner, the right to so act in cases where jurisdiction exists and changes the jurisdictional rule heretofore in effect, it is to be noticed that Sect. 46(a) of that Act, 60 Stat. 444, provides that it shall take effect one year from its enactment, and except as otherwise specifically provided shall not affect any suit, proceeding or appeal then pending. Such provision is not an invalid exercise of the legislative power. McElrath v. United States, 102 U.S. 426, 437–438, 26 L.Ed. 189; State ex rel Harness v. Roney, 82 Ohio St. 376, 92 N.E. 486, 19 Ann.Cas. 918.

While appellee's motion to dismiss was under consideration, appellant tendered and moved for leave to file its supplemental complaint with prayer for a declaratory judgment under Title 28 U.S.C.A. § 400. The supplemental complaint stated that since the filing of the complaint appellee's counsel had written appellant that appellee was the owner of the registered trade-

mark "Magic-Maid" of which it charged infringement by the appellant in the use of its trade-mark "Magic Foam," that appellant answered suggesting that appellee file suit, but that appellee declined to do so at that time; that a justiciable controversy existed between the parties with reference thereto, and prayed that the Court adjudicate appellant's rights in its trade-mark "Magic Foam." The District Court sustained appellee's motion to dismiss, without ruling on the motion to file the supplemental complaint. A petition to reconsider the order in view of the prayer for declaratory judgment relief was overruled by a later order without opinion. We think appellant's motion to file the supplemental bill of complaint, made before responsive pleading to the complaint, should have been sustained. Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239. But considering it as filed, appellant is in no better position. The Federal Declaratory Judgment Act is merely a procedural statute which provides an additional remedy for use in those controversies of which the district courts already have jurisdiction. It does not confer jurisdiction merely by reason of the existence of a controversy. Jurisdiction must be found in some other statute. American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 161 F.2d 956, 958; McCarthy v. Hollis, 10 Cir., 120 F.2d 540, 542; Commercial Cas. Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 165 A.L.R. 1068. See also Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 80 L.Ed. 688. In the controversy presented by the supplemental complaint the appellant still lacks ownership of the necessary registered trade-mark; the issue remains for jurisdictional purposes the same as before. Declaratory judgment proceedings were dismissed in Laning v. National Ribbon & Carbon Paper Mfg. Co., supra, and in Wells v. Universal Pictures Co., supra. See also Aralac, Inc. v. Hat Corporation, supra.

The judgment of the District Court is affirmed.