**KAUFMAN & RUDERMAN, Inc. v. COHN & ROSENBERGER, Inc.**

**Civ. 33–486.**

United States District Court
S. D. New York.

June 16, 1949.

---

Order affirmed, 177 F.2d 849.

Morris Kirschstein, New York City, for plaintiff.

Mock & Blum, New York City, for defendant.

HULBERT, District Judge.

Defendant moves under Federal Rules of Civil Procedure, Rules 12(b) and 56, 28 U.S.C.A., to dismiss the second count in the complaint on the ground that the Court lacks jurisdiction of the subject matter and that the second count fails to state a claim on which relief can be granted. Alternatively defendant moves that if the Court has jurisdiction, it should decline to exercise it because a prior action was started on the same subject matter in the New York Supreme Court and is still pending.

The complaint pleads two counts: (1) plaintiff seeks a judgment pursuant to R.S. § 4915, 35 U.S.C.A. § 63, decreeing that it is entitled to have registered in the United States Patent Office its trade mark "KARU", and (2) plaintiff seeks a declaratory judgment holding that plaintiff's trade mark "KARU" does not infringe on any of defendant's which are combinations using the word CORO. No question is raised as to the first count, jurisdiction being admitted under federal law.

Concerning the second count, both plaintiff and defendant are New York corporations. Jurisdiction is alleged in the complaint to lie under Trade-Mark Act of 1905, §§ 17–20, 33 Stat. 728, 729, as amended, 15 U.S.C.A. §§ 97–100 and 28 U.S.C.A. § 400, now 28 U.S.C.A. § 2201 et seq.

In the second count, plaintiff alleges that it has been designing and marketing costume jewelry using the name KARU on it since 1928; that it registered the trade mark KARU in the United States Patent Office (opposition to which mark was later sustained by the Commissioner of Patents); that plaintiff's mark is not subject to confusion with defendant's; that defendant has alleged to the public that plaintiff has infringed defendant's trade marks. As aforesaid, plaintiff seeks a declaratory judgment holding plaintiff's mark is valid and registrable and that it does not infringe defendant's marks, or in the alternative that defendant's marks are invalid; and finally plaintiff seeks an injunction restraining defendant from further threatening plaintiff or its customers with infringement.

■ It is elementary law that the declaratory judgment section of the Judicial Code did not enlarge the jurisdiction of the federal courts, Atlantic Meat Co. v. R. F. C., 1 Cir., 166 F.2d 51, nor did it create any new substantive rights. American Blower Corp. v. B. F. Sturtevant Co., D.C.S.D.N.Y.1945, 61 F.Supp. 756. Since, admittedly, there is no diversity of citizenship, we must look to determine whether the second count arises under any of the laws of the United States.

■ The old Trade Mark Act, 15 U.S. C.A. §§ 97–100, on which plaintiff relies for jurisdiction is not applicable to the situation herein. Those sections provide for actions against infringers, or suits by one who claims that his registered trade mark is being infringed by another. This action, on the other hand, looks to a judgment declaring non-infringement, just the converse of the action contemplated by sections 97 to 100. cf. Magic Foam Sales Corp. v. Mystic Foam Corp., 6 Cir., 167 F.2d 88.

■ It is well settled that registration of a trade mark in the United States Patent Office does not create any substantive rights in the registrant. It merely gives the registrant procedural advantages. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; Best & Co. v. Miller, 2 Cir., 167 F.2d 374.

The Court is of the opinion that we do not have jurisdiction of the second count since it does not arise under the laws of the United States, and there being no diversity of citizenship. The reasoning of the Magic Foam Sales Corp. v. Mystic Foam Corp. case, supra, is most persuasive. There the plaintiff, whose trade mark was not registered, sought to enjoin the defendant from using the mark "Mystic Foam" on any of its products. Later by amendment, plaintiff also sought a declaratory judgment declaring plaintiff's rights in its trade mark "Magic Foam". In the absence of diversity of citizenship, the Court of Appeals sustained the dismissal of the complaint. The similarity of these facts to those in the instant case is striking.

■ There remains for determination whether the second count is so related to the first as to come within the rule of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148. We think it does not. The first count in the complaint looks to an order directing the Commissioner of Patents to register plaintiff's trade mark. The second count looks to an adjudication as between plaintiff and defendant of the question of infringement and validity of defendant's trade marks. In substance, as matters now stand, plaintiff is asserting, in the second count, the right to the protection of its unregistered trade mark—a distinctly non-federal cause, coming within the rule of part two of the Hurn case, supra, which held that a non-federal claim was properly dismissed for lack of jurisdiction.

■ Finally, the second count does not state a claim for unfair competition so as to come within 28 U.S.C.A. § 1338. Although some elements of unfair competition are alleged in the second count, the claim as a whole is the traditional one for a declaratory judgment, with incidental relief.

Motion granted.

Settle order on notice.