**VAN DETTE et al. v. ALUMINUM AIR SEAL MFG. CO.**

Civ. No. 27669.

United States District Court
N. D. Ohio, E. D.

May 24, 1951.

Francis J. Klempay, Youngstown, Ohio, for plaintiff.

Murray A. Nadler, Youngstown, Ohio, Hudson, Boughton, Williams, David & Hoffman, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action wherein plaintiffs seek a declaratory judgment of patent invalidity and non-infringement of U. S. Patent No. 2,509,582. Defendant by its answer controverts plaintiffs' claim, and by its amended counterclaim seeks relief in its own behalf for alleged infringement of this patent and two other patents, Nos. 2,521,617 and 2,530,846. Plaintiffs now move the court to strike defendant's amended counterclaim and to grant summary judgment in their favor.

The grounds for plaintiffs' motion for summary judgment are: (1) invalidity of

U. S. Patent No. 2,509,582 in view of prior art as represented by plaintiffs' Exhibit A, and (2) invalidity of the patent because it does not comply with R.S. § 4888, 35 U.S.C.A. § 33 "in that the claims thereof do not particularly point out and distinctly claim the alleged invention therein."

Plaintiffs assert that defendant's amended counterclaim should be stricken because (1) it introduces a new cause of action by supplemental pleading, (2) it adds claims under U. S. Patents Nos. 2,521,617 and 2,530,846 which are unrelated to the subject matter of U. S. Patent No. 2,509,582, and (3) it was filed without leave of court having first been obtained as required by Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

Rule 56 authorizes summary judgment only where there is no genuine issue as to any material fact. The requirement of this Rule is not met in the present case. It seems certain that there are questions of fact which can be resolved only by a trial on the merits.

■ It is not shown by undisputed facts that the window, plaintiffs' Exhibit A, is prior art to the window of the patents in suit. Priority of Exhibit A is of course essential to plaintiffs' motion. Plaintiffs' proof of the priority of Exhibit A is based upon the confused testimony in the deposition of Clifford L. Webster, the patentee of the patents in suit. I am unwilling to accept this testimony as determinative of the question.

If it were to be assumed that Exhibit A is prior art with respect to the window of the patents in suit, there would remain an issue of fact as to whether Exhibit A and the window of the patents in suit are identical. The affidavit of Webster, the patentee, at least tends to show that his window is an improvement over Exhibit A in its design, method of operation, and economy of production. The Webster affidavit also tends to show that his patent represents more than the mere integration of parts which formerly were separate. Defendant is entitled to a trial on these issues.

The court is unable to determine upon the facts before it whether the claims in suit are confined to new elements in compliance with R.S. § 4888, or cover a combination of elements well known prior to the making of the alleged invention. It must defer determination of this question until trial at which time the scope of the claims can be developed by testimony and their place in the art can be shown.

Plaintiffs' motion to strike defendant's counterclaim must also be denied. It is clear that under Rule 15(a) defendant was entitled to amend its original counterclaim without leave of court. Rule 15(a) provides that a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served". No responsive pleading to defendant's original counterclaim was ever served.

It is plaintiffs' contention that their original petition was "inherently" a complete answer to defendant's counterclaim. Alternatively, they assert that their motion for summary judgment was a responsive pleading to defendant's counterclaim if their petition was not.

■ Neither of these propositions can be sustained. Rule 7(a) requires that "there shall be a reply to a counterclaim denominated as such". By plaintiffs' own admission no reply was ever made to defendant's counterclaim. In regard to plaintiff's second proposition, it need only be said that it is no longer an open question. I am bound to follow the decision of the Sixth Circuit Court of Appeals in Rogers v. Girard Trust Co., 159 F.2d 239, which held that a motion for summary judgment is not to be regarded as a responsive pleading within the meaning of Rule 15(a). Cf. Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Ky., 6 Cir., 178 F.2d 570; Magic Foam Sales Corp. v. Mystic Foam Corp., 6 Cir., 167 F.2d 88. See Moore's Fed.Practice, Section 15.07.

■ Plaintiffs' further objections to the amendment by defendant of its counterclaim are likewise not well taken. Defendant had an unlimited right to amend its counterclaim under Rule 15(a). It was permissible to introduce a new cause of action. See Moore's Fed.Practice, Sections 15.07 and 15.08. It also was permissible

to introduce claims unrelated to the subject matter of plaintiffs' claim because the counterclaim is permissive. Rule 13(b). See Moore's Fed.Practice, Section 13.18.

Motions denied. .Plaintiffs may have ten days to serve a reply to defendant's amended counterclaim. Rule 12(a).