**KING KUP CANDIES, Inc.**
**and**
**Chocolate Lane Candies, Inc.,**
**Plaintiffs,**

v.

**H. B. REESE CANDY COMPANY,**
**Defendant.**

**Civ. A. No. 5230.**

United States District Court
M. D. Pennsylvania.
April 16, 1956.

Joseph Gray Jackson, Philadelphia, Pa., Arnold, Bricker & Beyer, Lancaster, Pa., Shelley & Reynolds, Harrisburg, Pa., for plaintiffs.

McNees, Wallace & Nurick, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

Under date of September 28, 1955, in accordance with Memorandum that day filed, the Court denied defendant's motion to dismiss the complaint. Thereafter the defendant petitioned the Court for a reargument of the defendant's motion to dismiss with particular reference to the applicability of Magic Foam Sales Corporation v. Mystic Foam Corporation, 6 Cir., 167 F.2d 88, and Kaufman & Ruderman, Inc., v. Cohn & Rosenberger, Inc., D.C.S.D.N.Y., 86 F.Supp. 867. While not specifically mentioned, these cases were referred to in the original briefs and were fully considered. However, because they were not discussed in the first Memorandum the motion for reargument was granted. After reargument and consideration of briefs, it is still my considered opinion that neither of the cited cases should be followed in the instant situation.

Defendant states its position on reargument as follows:

"The Magic Foam and Kaufman cases are clear authority for the proposition that the Declaratory Judgment Act cannot be availed of to confer federal jurisdiction, regardless of whether a 'justiciable controversy' exists, in a case in which jurisdiction is not otherwise supportable."

In Magic Foam plaintiff brought suit for infringement of an unregistered common-law trade-mark against a defendant having a Federal trade-mark registration under the Act of 1905. Plaintiff asked that the defendant be enjoined from further infringement and that the Commissioner of Patents be ordered to cancel the certificate of registration. The court held that the plaintiff was seeking relief on its own unregistered mark and that this did not provide a basis for jurisdiction, stating, D.C. 73 F.Supp. 424, 425:

"The fact that the allegedly infringing trade-mark is registered would not seem to be sufficient, without diversity of citizenship, to give a Federal court jurisdiction. It is the plaintiff who is seeking the enforcement of a right and unless this right is one which is claimed by virtue of the trade-mark laws of the United States, the plaintiff must seek his remedy in the state courts."

The Magic Foam case had its inception and was disposed of under the old

trade-mark law, now repealed, 15 U.S.C. § 97. On appeal the Court of Appeals for the Sixth Circuit held that the Lanham Act did not apply as the case arose before that Act became effective. While the suit was pending defendant made a threat of infringement of the Federal trade-mark registration against plaintiff, and plaintiff moved in the lower court for permission to file a supplementary complaint under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202. The lower court failed to rule on the petition to file the supplemental complaint and overruled, without opinion, a petition to reconsider. The Court of Appeals considered the case as one arising prior to the Lanham Act and held that even if the supplemental complaint had been filed, it would be necessary to have jurisdiction originally and that there was no such jurisdiction. The court made no determination as to the effect of Section 37 of the Lanham Act, 15 U.S.C.A. § 1119, but said, inter alia, 6 Cir., 167 F.2d 88, 90:

"* * * Appellant cites to us Section 37 of the Lanham Trade-Mark Act of July 5, 1946, Title 15 U.S.C.A. § 1119, which provides that the Court may order the cancellation of registrations. Even if we should assume (which is not so decided herein) that the section goes beyond merely giving the Court, as well as the Commissioner, the right to so act in cases where jurisdiction exists and changes the jurisdictional rule heretofore in effect, it is to be noticed that Sect. 46(a) of that Act, 60 Stat. 444, provides that it shall take effect one year from its enactment, and except as otherwise specifically provided shall not affect any suit, proceeding or appeal then pending. Such provision is not an invalid exercise of the legislative power. McElrath v. United States, 102 U.S. 426, 437–438, 26 L.Ed. 189; State ex rel. Harness v. Roney, 82 Ohio St. 376, 92 N.E. 486, 19 Ann. Cas. 918."

The determination of the effect of the Declaratory Judgments Act in the present case was not dependent upon an interpretation of Section 37 of the Lanham Act, 15 U.S.C.A. § 1119. This Court did not agree with and did not follow the doctrine announced by the Sixth Circuit in Magic Foam, supra, but was and still is in full accord with the reasoning of the decisions cited in the original Memorandum.

The Kaufman & Ruderman case, supra, follows the reasoning of the Magic Foam case, supra, with which, as already indicated, we do not concur.

That the Lanham Act has completely changed the status of Federal trade-mark registrations has been clearly set forth by Judge Learned Hand in S. C. Johnson & Son, Inc., v. Johnson, 2 Cir., 1949, 175 F.2d 176, 178, certiorari denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527, as follows:

"That act did indeed put federal trade-mark law upon a new footing. The Act of 1905 had made the registration of a trade-mark only prima facie evidence of ownership, and the question must be regarded as never finally settled whether it created a substantive federal trade-mark law, as distinct from the common-law of the states, or whether it merely gave jurisdiction to the district courts and certain procedural advantages to the owner. The Lanham Act put an end to any doubts upon that score, and to the confused condition in which those doubts involved the whole subject, especially after Erie Railroad Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188]. These were fully discussed by Judge Wyzanski in his opinion in National Fruit Product Co. v. Dwinell-Wright Co. [D.C., 47 F.Supp. 499], but they ceased to be important after Congress provided that any infringer should 'be liable to a civil action by the registrant for any or all the remedies hereinafter provided'; and that the registration cer-

tificate once become *'incontestable'* after five years, should, with certain exceptions not here relevant, be conclusive evidence of the registrants' exclusive right to use it. \* \* \* " (Emphasis supplied.)

This very fact, however, makes it the more imperative that the owner of a trade-mark should not be permitted to charge infringement and by delaying the institution of action obtain "incontestable" rights, with the alleged infringer in the meantime remaining helpless.

The instant case, it seems to me, is a typical Declaratory Judgments Act case. Here defendant owns Federal trade-mark registrations and has charged infringement. Plaintiffs certainly have a right to adjudicate defendant's Federal trade-mark rights. It is plaintiffs' position "that the defendant Reese is making a claim of infringement which cannot be sustained because he is seeking to monopolize the common generic term describing the goods which is open to anybody."

Plaintiffs do not claim any trade-mark rights, common-law or otherwise; they are seeking to adjudicate the charge of infringement which defendant Reese has made and I am of the opinion they are perfectly in order in so doing.

A comment as to Count II may be pertinent. This count charges unfair competition. The effect of Section 44 of the Lanham Act, 15 U.S.C.A. § 1126, was discussed by this Court in Old Reading Brewery, Inc., v. Lebanon Valley Brewing Co., D.C.M.D.Pa., 102 F.Supp. 434, and approved in L'Aiglon Apparel, Inc., v. Lana Lobell, Inc., 3 Cir., 214 F.2d 649. Whether the count may be sustained on the basis of original jurisdiction under Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a) need not be definitely determined at this time since the alternative would be pendent-jurisdiction under 28 U.S.C. § 1338(b).

I am still of the opinion as expressed in my original Memorandum of September 28, 1955, that a justiciable controversy has here been alleged under the Federal Declaratory Judgments Act, and accordingly affirm my previous denial of defendant's motion to dismiss Counts I, II and III of the complaint.