**EASTMAN KODAK COMPANY and Eastman Chemical Products, Inc., Plaintiffs,**

v.

**VELVERAY CORPORATION, Defendant.**

United States District Court
S. D. New York.
Aug. 12, 1959.

Kenyon & Kenyon, Francis T. Carr and Lewis H. Eslinger, New York City, for plaintiffs.

Harry Price, New York City, for defendant.

CASHIN, District Judge.

Defendant moves for summary judgment pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The action is one for a declaratory judgment stating that plaintiffs have not infringed on defendant's trademark and that the trade-mark is invalid and void.

The facts are essentially as follows:

On February 7, 1956 and February 14, 1956, plaintiffs began to use the trademark "Verel", first on synthetic yarns and then on synthetic staple fibre. On March 1, 1956, plaintiff Eastman Kodak Company filed applications to register the mark "Verel" under the Lanham Act (15 U.S.C.A. § 1051 et seq.) in the United States Patent Office. On November 20, 1956, a registration of the mark "Verel" for synthetic yarns was duly issued without opposition. Defendant in this action, however, entered an opposition to the registration of "Verel" as a trademark for synthetic staple fibre. Defendant objected because of the similarity between plaintiff's trade-mark and their trade-mark "Vervel" (Trade-mark Registration No. 320,048 issued in December 1934, under the Act of 1905 and renewed in December 1954 for cotton, silk and rayon textile piece goods, and Service Mark Registration No. 629,720 issued in June 1956 for the service of decorating fabrics). This proceeding in the Patent Office is still pending.

On December 12, 1958, defendant served a complaint on plaintiffs charging them with unfair competition based on defendant's common-law rights in the trade-mark "Vervel", in the New York State Supreme Court. Service of this complaint was set aside by Judge Loreto of that court on January 16, 1959; however, defendant, on December 23, 1958, successfully instituted action against plaintiffs by service of process upon the Secretary of State of New York. Meanwhile plaintiffs, on December 17, 1958, began this action.

Title 28 U.S.C. § 2201 states that—

"In a case of actual controversy within its jurisdiction * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

**648**

■ Defendant's motion for summary judgment is based on the contention that there is no actual controversy and that the court has no jurisdiction because there is no actual controversy. Defendant argues that, since the suit in the New York Supreme Court involved only defendant's common-law rights, there is no actual controversy over the registered trade-marks. However, as plaintiffs point out in their very able brief, a direct threat to sue is not necessary to the finding of an actual controversy. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68; Kobre v. Photoral Corp., D.C.S.D.N.Y.1951, 100 F.Supp. 56. As was stated in Dewey & Almy Chemical Co. v. American Anode, Inc., supra [137 F.2d 69]—

"In providing the remedy of a declaratory judgment it was the Congressional intent 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.' E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 1937, 88 F.2d 852, 854. This court has emphasized that the Act should have a liberal interpretation, bearing in mind its remedial character and the legislative purpose."

■ Plaintiffs in this case allege that they have spent large sums of money advertising the trade-mark "Verel" and have sold and are continuing to sell products bearing that trade-mark. It seems apparent that this is just such a situation that Congress had in mind in providing for declaratory judgment. It seems obvious that there is a real and actual controversy here and that a quick determination of the rights of the parties is necessary in order to prevent excessive damages from accruing.

■ However, a more difficult point arises as to jurisdiction. Title 28 U.S.C. § 2201 does not confer any greater jurisdiction upon this court. Only if the controversy is one over which this court would have jurisdiction initially can the the court render a declaratory judgment. Since plaintiff, Eastman Kodak Company, is a New Jersey corporation, and plaintiff, Eastman Chemical Products, Inc., is a New York corporation, and defendant, Velveray Corporation, is a New York corporation, there is no diversity of citizenship and jurisdiction must be found on another ground. In Zenie Bros. v. Miskend, D.C.S.D.N.Y.1935, 10 F.Supp. 779, 781, Judge Patterson held that this court has jurisdiction over an action for declaratory judgment over a patent owned by defendants. Judge Patterson stated that—

"It is said that a suit by a private party who has no patent himself to declare a competitor's patent void is without precedent. The charge is true. * * * But the Declaratory Judgment Act was passed with the purpose of affording relief in cases that could not be tried under existing forms of procedure. It is a remedial statute and should be construed and applied liberally. Certainly there is nothing in the act that indicates a purpose by Congress to exclude patent controversies altogether from its operation."

It is now well established that a declaratory judgment action to adjudicate the validity and infringement of a patent is within the jurisdiction of the federal courts regardless of whether the action is brought by the patentee or the alleged infringer. Grip Nut Co. v. Sharp, 7 Cir., 1941, 124 F.2d 814; De Luxe Game Corp. v. Wonder Products Co., D.C.S.D.N.Y.1957, 157 F.Supp. 696; American Blower Corp. v. B. F. Sturtevant Co., D.C.S.D.N.Y.1945, 61 F.Supp. 756.

■ One would expect that the above rule of law would naturally be extended to trade-mark cases. However, there are conflicting views on this point. In Magic Foam Sales Corp. v. Mystic Foam Corp., 6 Cir., 1948, 167 F.2d 88, the court held that the plaintiff who sought the declaratory judgment must own a registered trade-mark in order to maintain

his action. This case was cited with approval and followed by this court in Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, Inc., D.C.S.D.N.Y.1949, 86 F.Supp. 867. However, it is to be noted that the Magic Foam Sales Corp. case was not decided under the Lanham Act of 1946 but under the Act of 1905. In speaking of the Lanham Act, Judge L. Hand in S. C. Johnson & Son v. Johnson, 2 Cir., 1949, 175 F.2d 176, 178, said—

> "That act did indeed put federal trade-mark law upon a new footing. The Act of 1905 had made the registration of a trade-mark only prima facie evidence of ownership, and the question must be regarded as never finally settled whether it created a substantive federal trade-mark law, as distinct from the common-law of the states, or whether it merely gave jurisdiction to the district courts and certain procedural advantages to the owner. The Lanham Act put an end to any doubts upon that score, and to the confused condition in which those doubts involved the whole subject, especially after Erie Railroad Company v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188]."

In King Kup Candies, Inc. v. H. B. Reese Candy Company, D.C.M.D.Pa.1955, 134 F.Supp. 463, and on reargument, D.C.M.D.Pa.1956, 140 F.Supp. 115, Judge Follmer declined to follow the reasoning of the Magic Foam Sales Corp. and Kaufman & Ruderman, Inc. cases. In the King Kup Candies, Inc. case the facts were similar to the facts in the present case and Judge Follmer, citing Judge Hand's opinion in the Johnson case to the effect that the Lanham Act put federal trade-mark law on a new footing, goes on to state that this is a typical Declaratory Judgment Act case. This court is in full accord with *Judge Follmer*. The Magic Foam Sales Corp. case was not decided under the present law and this court does not agree with the doctrine announced in that case.

In the present case plaintiffs are selling products bearing the trade-mark "Verel". Plaintiffs certainly have a right to adjudicate defendant's Federal trademark rights. Moreover, the reasoning of the Magic Foam Sales Corp. and Kaufman & Ruderman, Inc., cases is completely inconsistent with the reasoning and law of the patent cases. There seems to be no logical reason why the law should be one way for patents and another for trade-marks.

Defendant's motion for summary judgment is denied.

It is so ordered.