ELKA TOY & NOVELTY MFG. CORP., Plaintiff,

v.

FISHER–PRICE TOYS, Inc., Defendant.

United States District Court
S. D. New York.
Dec. 27, 1955.

Harry Price, New York City, for plaintiff.

Kenyon & Kenyon, New York City, George T. Bean, Francis T. Carr, Hugh

A. Chapin, New York City, of counsel, for defendant.

DAWSON, District Judge.

This motion raises the issue as to whether this Court has jurisdiction to consider an action for declaratory judgment involving the rights of the parties in an alleged common law trade-mark, not registered under the Federal trade-mark laws. There is no diversity of citizenship between the parties.

The motion is one brought under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint for lack of jurisdiction. The complaint alleges that there is a controversy between the parties, each of which is a toy manufacturer, in respect of plaintiff's stuffed toy dog called "Snoopy" and defendant's mechanical toy dog known as "Snoopy Sniffer". The complaint alleges that:

"In spite of the clear differences between plaintiff's merchandise and defendant's merchandise, * * * defendant nevertheless has threatened and is threatening plaintiff with suit and litigation and is charging and alleging that plaintiff's stuffed toy trespasses upon defendant's exclusive rights upon its mechanical toy."

The complaint asks for judgment declaring that:

"(a) its 'Snoopy' toy is free and clear of any and all claims of Defendant based upon any patent, copyright or registered trade-marks which it may own or possess;

"(b) declaring that Plaintiff's copyright upon its 'Snoopy' stuffed toy is valid and owned by Plaintiff;

"(c) enjoining and restraining Defendant and all those acting for and in its behalf from further harassing and threatening Plaintiff or any one acting in behalf of Plaintiff with a threat of infringement of patents, copyrights or registered trade-marks;

"(d) and for such other relief as may seem just and proper in the premises, together with costs, disbursements and counsel fees."

The defendant, in its moving papers, states, in an affidavit by its Vice President:

"The defendant has made no claim, directly or indirectly, that the plaintiff has ever infringed any of the patents owned by the defendant, expired or unexpired. The defendant has made no claim, directly or indirectly, that the plaintiff has ever infringed any copyright(s) owned by the defendant."

The defendant has asserted, without contradiction, that it has no registered United States trade-marks.

The defendant has contended that it has a common law trade-mark on "Snoopy" and "Snoopy Sniffer" for toy animals. It states that these are not trade-marks registered in the United States Trade-Mark Office.

Subsequent to the institution of the present action, defendant started suit against the plaintiff in the New York Supreme Court, charging that Elka Toy & Novelty Mfg. Corp. was infringing upon its trade-mark and guilty of unfair competition.

Plaintiff, in seeking to establish in the present action that there is an actual controversy between the parties, relies solely upon a footnote which appears upon defendant's catalog advertising its toys, which states:

"Our numerous original and exclusive actions and designs are fully covered by patents and copyrights. Infringers, copyists and design pirates will be prosecuted to the full extent of the law."

There is no indication that this statement applies to the toy dog involved in this action, and in view of the unequivocal statement of defendant that this toy dog is not protected by any patent, copyright, or registered trade-mark, the Court must conclude that this footnote

is not an indication as to a controversy between the parties in those fields.

 Since this motion to dismiss is one for failure to state a claim upon which relief can be granted, and since matters outside the pleadings have been presented to, and considered by, the Court, the motion has been treated by the Court as one for summary judgment, in accordance with the provisions of Rule 12(b). This was announced on the argument of the motion, and the parties have been given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. No other facts have been adduced by the plaintiff to show any controversy between the parties.

Upon consideration of all material presented, this Court finds that the following facts appear:

(1) No controversy exists between the plaintiff and defendant as to patent rights to the toy involved in the action.

(2) No controversy exists between the plaintiff and defendant as to copyright on the toy involved in the action.

(3) No controversy exists between the plaintiff and defendant as to any trade-mark, registered under the laws of the United States, relating to the toy involved in the action.

(4) A controversy does exist between the plaintiff and defendant as to whether defendant has a valid common law trade-mark on "Snoopy" and "Snoopy Sniffer" applied to toys such as are involved in this action. An action raising this question is now pending in the Supreme Court of the State of New York.

(5) No diversity of citizenship exists between the parties.

 The jurisdiction of the Federal Courts in trade-mark matters, where there is no diversity of citizenship, is limited to suits respecting trade-marks registered in accordance with the Federal law. 28 U.S.C. § 1338; 15 U.S.C.A. § 1121; see Nims, "Unfair Competition and Trade-Marks", 4th Ed., §§ 241, 311.

Lacking Federal registration of any trade-mark, and in the absence of diversity of citizenship, this Court has no jurisdiction to consider a controversy relating to trade-marks. Kaplan v. Helenhart Novelty Corp., 2 Cir., 1950, 182 F. 2d 311, at page 312; Hunyadi Janos Corp. v. Stoeger, 2 Cir., 1925, 10 F.2d 26; Magic Foam Sales Corp. v. Mystic Foam Corp., 6 Cir., 1948, 167 F.2d 88.

 Nor does the fact that this action is framed for declaratory judgment confer any greater jurisdiction. The Declaratory Judgments Statute does not create any new rights; it merely provides a forum wherein a remedy may be obtained in a case in which the Court otherwise would have jurisdiction. The Statute makes it clear that a Federal Court may enter a declaratory judgment only "in a case of actual controversy within its jurisdiction". ○28 U.S.C. § 2201.

Unless the controversy is one over which a Federal Court would have jurisdiction initially, it cannot acquire jurisdiction by the Declaratory Judgments Statute. Wells v. Universal Pictures Co., D.C.N.Y.1945, 64 F.Supp. 852, affirmed 2 Cir., 1948, 166 F.2d 690; Magic Foam Sales Corp. v. Mystic Foam Corp., supra.

Since there would be jurisdiction over this controversy in the State Courts, and since an action involving that controversy is now pending, there would be no reason to try to stretch the jurisdiction of this Court to encompass an action which does not belong in it. To do so would violate that principle of judicial husbandry enunciated by Judge Woolsey that, if jurisdictionally permissible, two causes should never be allowed to grow where at first there was but one. Corning Glass Works v. Pasmantier, D.C.N.Y. 1939, 30 F.Supp. 477, at page 480.

I conclude that this action is one of which this Court does not have jurisdiction. The complaint is dismissed.

So ordered.