**M. & D. SIMON CO., Inc., Plaintiff,**

v.

**R. H. MACY & CO., Inc., Dorset Knitwear, Ltd., and Donegal Sportswear, Inc., Defendants.**

United States District Court
S. D. New York.

March 29, 1957.

Kirschenstein, Kirschenstein & Ottinger, New York City, for plaintiff.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendants.

WALSH, District Judge.

This is an action for trade-mark infringement and unfair competition. It was commenced in the State court and removed to this Court by the defendants who claim that, notwithstanding the absence of appropriate allegations in the complaint, it is necessarily an action under the Lanham Act, 15 U.S.C.A. § 1051 et seq., an Act of Congress relating to trade-marks, and therefore an action of which this Court has original jurisdiction. No other basis for jurisdiction is claimed. Plaintiff has moved to remand the action to the State court. Its motion is granted.

The complaint contains no allegation of Federal registration. It is conceded, however, that the trade-mark has in fact been registered.

Defendants contend: (1) plaintiff has asserted its claim under the Lanham Act; and (2) the failure to allege registration is a fraud upon the court because if the mark is in fact registered under the Lanham Act, any claim for its infringement must be alleged under that Act.

The trade-mark in issue is "Donegal". The plaintiff uses it to identify its men's and boys' clothing. Defendant Donegal Sportswear, Inc. is claimed to use the mark in connection with ladies' sweaters. Defendant Dorset Knitwear is Donegal's parent. Defendant R. H. Macy & Co. is claimed to be selling sweaters manufactured and shipped by Donegal Sportswear.

The contention that a claim is asserted under the Lanham Act cannot be sustained. It is based upon two allegations, (a) the allegation that notice of infringement was given defendants, which refers to a mailed notice which did specify that the mark was registered under the Lanham Act;[1] and (b) the allegation of willful infringement and the demand for exemplary damages. Defendants claim this demand discloses that it is a Lanham Act claim because exemplary damages cannot be granted in equity by a New York court. Even if this be assumed, these two allegations are not enough to characterize the complaint as a claim under the Lanham Act. Right to recovery under that Act must be based upon allegations of compliance with its provisions. See Elka Toy & Novelty Mfg. Corp. v. Fisher-Price Toys, Inc., D.C.S.D.N.Y., 136 F.Supp. 524, 526. The inability of a New York court to grant all of the relief requested cannot generate a claim under a federal statute if one is not well-pleaded. The reference in the notice of registration, while it might deprive defendant of a contention of surprise if plaintiff sought to include an allegation of registration in the complaint, is extraneous to the complaint, and could not support a claim under the federal statute unless leave to amend were granted. These two items are mere-

[1] This notice was given in connection with an action upon the same alleged infringement, which was commenced prior to the present action, in which registration under the Lanham Act was alleged. After the earlier action was removed to this Court it was discontinued and the present action commenced.

ly circumstances to be taken into account on the issue of fraudulent concealment of federal jurisdiction; they do not state a claim under the statute.[2]

■ The remaining question is whether there is a fraudulent concealment of the jurisdiction of this court by failure to allege the conceded fact that the trade-mark in question was registered under the Lanham Act. Defendants contend that if in fact the trade-mark was registered, a claim of its infringement must raise a question under the Lanham Act because, they argue, once a mark is registered, the Lanham Act is its exclusive source of protection. They reason that the Act was intended to establish uniform substantive rights for the protection of registrants, S. C. Johnson & Son, Inc. v. Johnson, 2 Cir., 175 F.2d 176, 178, certiorari denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527, and in order for these rights to be uniform they must be exclusive. Cf. Time, Inc. v. T.I.M.E. Inc., D.C.S.D.Cal., 123 F. Supp. 446, 451. Plaintiff argues that although the Lanham Act gave registrants a group of uniform substantive rights which they could claim if they chose, it did not deprive them of the right to protection under the common law in the absence of any conflicting claim under the Lanham Act. The question therefore is whether a trade-mark owner, when he registers under the Lanham Act, gives up the common law protection of his mark, and accepts that Act as his sole protection.

■ At the outset, uniformity of application of the Lanham Act does not require that it be the exclusive law for the protection of registered marks. The allegations of the complaint being accepted as true, we are not dealing with conflicting claims to a mark, but with the extent to which a mark will be protected. Congress expressed no fear that in some state a trade-mark owner would receive protection *beyond* that given by Congress. Its concern, as far as it may be understood from the reports which favored enactment, and from the expressions of the proponents of the legislation, was with the possibility that conflicting state laws might *reduce* this protection. The discussion at the hearings on the bill showed an intent to preserve the existing common law protection.[3] All

2. It is not claimed that the allegations of unfair competition alone would support removal to this Court. American Automobile Ass'n v. Spiegel, 2 Cir., 205 F.2d 771, certiorari denied 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391; L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 3 Cir., 214 F.2d 649; Ross Products v. Newman, D.C.S.D.N.Y., 94 F.Supp. 566.

3. Mr. W. H. Stanley of the National Association of Manufacturers stated two of the advantages of the Act as follows (Hearings, Subcommittee on Trade-Marks of the House Committee on Patents, 77th Cong., 1st Sess., at p. 131–133 (1941) ):
"The proposed law will generally make registrations conform to common law rights * * *".
"The proposed measure establishes new rights but preserves prior rights".
Mr. Hugo Mock, representing Toilet Goods Association, Inc., made the following comment (Ibid., at p. 75) :
" * * * under the new and proposed legislation the statutory rights of the trade-mark registrant are increased, and the common law rights of the trade-mark owner are not canceled but are more restricted".
At hearings held on April 8, 1943, Mr. Wallace H. Martin, who, although chairman of the trade-mark committee of the patent, trade-mark and copyright section of the American Bar Association, was appearing in his individual capacity, spoke of the rights of the trade-mark owner and prospective registrant under the Lanham Act in this language (Hearings, Subcommittee on Trade-Marks of the House Committee on Patents, 78th Cong., 1st Sess., at p. 48 (1943) ):
"Whatever rights are given under the 1905 act, it seems to me, are preserved. He does not lose any rights, but he is given an incentive under this new act to register * * *".
One of the most vigorous and constant opponents of the Act, Mr. Paul A. Struven, representing the Trade-Mark Sales Company, objected to the bill on the ground, inter alia, that it did not establish an exclusive system of statutory trade-mark rights. Hearings, Subcommittee on Trade-Marks of the House

of the expressions with respect to its intent to achieve uniformity are consistent with this view.[4]

The defendants call attention to the language of Time, Inc. v. T.I.M.E. Inc., supra., D.C. 123 F. Supp., at page 452, in which it is said:

"* * * Nor is there any room to view state law as complementary to the Lanham Act in the face of undoubted Congressional intent to occupy completely a field to the full extent constitutionally permissible. * * *".

This was a dictum in a case dealing with unfair competition rather than trade-mark infringement. To the extent that this refers to claims based upon allegations of Lanham Act registration, it may be well stated but insofar as this statement refers to the protection of marks not registered under the Act or not claimed to be entitled to protection under the Act, it must be regarded as an overgeneralization.

The need for the continued existence of state remedies is apparent in the language of Section 32, 60 Stat. 437, 15 U.S.C.A. § 1114, the section which provides for protection against infringement. It is expressly limited to infringements brought about by acts "in commerce", a term defined by the Act to include only that commerce which may be lawfully regulated by Congress, thus excluding intra-state commerce at least to some degree. Also it protects the mark only from unlawful use with respect to goods sold or transported in commerce or services rendered in "commerce". Section 45, 60 Stat. 443, 15 U.S.C.A. § 1127.

The continued existence of common law trade-mark rights notwithstanding registration under the Lanham Act has been recognized by at least two previous holdings in this District, Conde Nast Publications v. Vogue School of Fashion Modeling, D.C., 105 F. Supp. 325; Wise v. Bristol-Myers Co., D.C., 107 F. Supp. 800. In each of these cases plaintiff sought to enjoin infringement claiming both on the basis of a registered mark and a common law trade-mark. In each case the court found it unnecessary to determine the effect of registration, because in each it held the common law trade-mark was established and entitled to protection.

■ The defendants contend that the section of the Lanham Act providing remedies for infringement, Section 32, 15 U.S.C.A. § 1114, contains limitations for the protection of certain possible infringers and that this shows that it was not intended to be complemented by state law. It will be noted, however, that these limitations are not limitations upon previously existing rights but expressly limitations upon the remedies "given" to the owner of the right infringed. In other words, these limitations are only limitations upon remedies given by the Act itself.

---

Committee on Patents, 76th Cong., 1st Sess., at p. 77 (1939).

The same general contention now advanced by defendants, was considered at a Senate subcommittee hearing on December 11, 1942. Senators Pepper, Lucas and Danaher, as well as Representative Lanham, were present. The following colloquy occurred (Hearings before the Subcommittee on Trade-Marks of the Senate Committee on Patents, 77th Cong., 2d Sess., at p. 12 (1942)):

"Senator LUCAS. Does this [the bill] eliminate common law protection?

"Mr. MARTIN. No, sir; it does not, in my opinion. It holds onto the common law protection, but at the same time gives added incentive to register. * * *".
Later in the same hearing Senator Lucas commented as follows: (Ibid., at p. 44):

"I, for one, do not want to pass any legislation that is going to change the fundamental law that has been handed down here by the courts for a long, long time, on trade-marks".

4. So also is the commentary of Miss Daphne Robert, 15 U.S.C.A. p. 267. All of the purposes of the Lanham Act which she enumerates give increased protection to the trade-mark owner. Her comment contains no suggestion of any restriction upon pre-existing rights.

Again, it is pointed out that Section 45 of the Act, 60 Stat. 444, 15 U.S.C.A. § 1127, declares an intent "to protect registered marks * * * from interference by State * * * legislation". This language also is consistent with the view that the Act adds to pre-existing protection a new irreducible protection for trade-marks, free from diminution by state legislation. It does not suggest, however, that state recognized common law rights are in any way disturbed other than by actions and adjudications in individual cases under the Act. General language of this nature unsupported by any specific provision should not be construed as exacting the surrender of common law rights as a price for registration under the Act. Nowhere in the Act is there a suggestion that a registrant surrenders anything. The loss of rights of such a value should not readily be implied.

In addition to the foregoing reasons which support the preservation of a registrant's common law rights, the right of the plaintiff in this case is further protected by a saving clause which appears in the Lanham Act itself. Section 49, 60 Stat. 427, 15 U.S.C.A. § 1051 note, provides as follows:

"Nothing herein shall adversely affect the rights or the enforcement of rights in marks acquired in good faith prior to the effective date of this Act".

The complaint alleges plaintiff began to use the mark in question in 1938, nine years prior to the effective date of the Lanham Act, July 5, 1947.

Accordingly, plaintiff, notwithstanding the registration of its mark under the Lanham Act, has, in addition, its common law rights with respect to the mark. If it sees fit to base its claim solely upon these common law rights, defendants may not prevent it from doing so. Defendants may raise in their answer their own rights under the Lanham Act but they cannot remove plaintiff's claim to this Court. Gully v. First National Bank, 299 U.S. 109, 113, 57

S.Ct. 96, 81 L.Ed. 70. See Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713; The Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Devine v. City of Los Angeles, 202 U.S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046.

Case remanded.

Settle order on notice.