FLUIDLESS NON-TACT LENSES, Inc., Donald L. Golden, d/b/a Fluidless Contact Lens Center, and Fluidless Contact Lens Laboratories, Inc., Plaintiffs,

v.

KLEAR VISION CONTACT LENS SPECIALISTS, Inc., Defendant.

United States District Court
S. D. New York.
Jan. 30, 1958.

Paskus, Gordon & Hyman, New York City, for plaintiffs (Lenard H. Mandel, New York City, of counsel).

Harry Price, New York City, for defendant.

THOMAS F. MURPHY, District Judge.

Plaintiffs move for an order remanding this cause to the Supreme Court, New York County, from whence it was removed on defendant's petition.

Defendant's petition stated: "[T]he allegations and claims in this proceeding relate to a cause of action coming directly under Section 43(a) of the Lanham Act, and it is the contention of the complaint that there has been a usage of false designation of origin or false description or representation including the word or words Non-Tact used as a trademark and in a corporate name which gives rise to a cause of action falling squarely within the original jurisdiction of the Federal Court under this section of the Lanham Act."

It is the plaintiffs' position that the complaint reveals no basis for federal jurisdiction and that the cause of action set forth in the complaint is predicated on a claim of common-law trademark and an exclusive right to use the name "Non-Tact" lenses to distinguish their lenses. Plaintiffs claim that defendant is violating this right and competing unfairly with them. In short plaintiffs' position is that there is no federal jurisdiction under the allegations of their complaint or that even if there might be jurisdiction they are relying on a com-

mon-law right rather than one that may be granted by the Lanham Act (15 U.S. C.A. § 1125(a)) and in so framing their complaint there is no basis for removal jurisdiction.

Plaintiffs are correct and the motion is granted, and the cause remanded with costs.

An analysis of the complaint upon which removal jurisdiction must be based is as follows:

Plaintiffs allege that since December, 1956, they have "adopted the word 'Non-Tact' to distinguish the type of contact lenses manufactured and sold by the plaintiffs, and that from that time until the present [have] continued to use that word orally, in correspondence and in advertising to distinguish plaintiffs' contact lenses;" that plaintiffs have advertised their lenses and the distinguishing phrase "Non-Tact" in the newspapers of several large cities, in a nationally distributed newspaper, and via a direct mail advertising campaign. Plaintiffs claim that they have created a goodwill in connection with the name and they are entitled to its exclusive use. It is further alleged that defendant is in the business of selling contact lenses, "has embarked upon a course of conduct calculated to misappropriate for its own benefit plaintiffs' distinguishing name 'Non-Tact' and to apply the same to defendant's contact lenses," and has "committed various wrongful acts by which the public is likely to be deceived and misled into believing that the contact lenses offered for sale by the defendant are, in fact, plaintiffs' 'Non-Tact' lenses." In furtherance of "said wrongful plan", plaintiffs allege, defendant has applied to the Trade Mark Office to register "Non-Tact" and has sent letters to various newspapers in which plaintiffs had advertised their lenses, in which defendant claimed the exclusive right to use "Non-Tact" lenses and charged that plaintiffs were violating defendant's rights. As a result, plaintiffs allege, they have been having difficulty in placing advertisements in said newspapers. Plaintiffs continue, and assert that defendant intends to continue to "interfere with plaintiffs' relations with the newspapers which heretofore have published their advertisements, to infringe upon plaintiffs trade name 'Non-Tact', and to attempt to appropriate the same for its own use. Unless enjoined * * * defendant will continue its plan to deceive and mislead the public into believing that its contact lenses are the 'Non-Tact' lenses manufactured and sold by the plaintiffs, and will continue this wrongful plan to appropriate plaintiffs' trade name and goodwill for itself * * * ."

It is obvious from the way the complaint was drafted that plaintiffs rely on a common-law tradename or trademark and the law of unfair competition, which is a common-law doctrine. They have neither designated § 43(a) of the Lanham Act as the basis of their claim nor have they used the language of that section in framing their complaint. Since the allegations of the complaint control the determination of what law plaintiffs rely on, this case is not one within the jurisdiction of this court under the removal provisions of 28 U.S.C. § 1441. It appears to be well settled that the federal court does not have jurisdiction of an action brought on the grounds of infringement of a common-law trademark, absent diversity or pendent jurisdiction. See Hodgson v. Fifth Avenue Plastics, D.C.S.D.N.Y.1950, 94 F.Supp. 160, 161; Magic Foam Sales Corp. v. Mystic Form Corp., D.C.N.D.Ohio 1947, 73 F.Supp. 474 affirmed 6 Cir., 1948, 167 F.2d 88, 90.

This does not mean that § 43(a) does not create a federal right of action for acts similar to those complained of. See L'Aiglon Apparel v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649; Maternally Yours, Inc., v. Your Maternity Shop, Inc., 2 Cir., 1956, 234 F.2d 538, 545 (concurring opinion per Clark). But the issue here is not whether a cause of action can be stated under § 43(a) but rather whether plaintiffs have so framed their complaint as to rely on that statute or on their common-law rights. We hold that plaintiffs in framing their complaint

have relied exclusively on their common-law rights.

Settle order.