**HARRISON LABORATORIES, Inc.,**
**Plaintiff,**

v.

**HOUSE OF BARRI, Inc., and Dorothy Harris, Defendants.**

United States District Court
S. D. New York.
March 18, 1958.

Robert D. Spille, New York City, for plaintiff.

Harry Price, New York City, for defendant.

WEINFELD, District Judge.

The plaintiff moves to remand this action to the State Court from which the defendant caused its removal asserting jurisdiction under 15 U.S.C.A. § 1125(a) known as § 43(a) of the Lanham Act.

The issue as to whether an action is removable from a State Court to a Federal Court as one arising under the Constitution or the laws of the United States must be resolved within the framework of the complaint, unaided by the answer or the petition for removal. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70.

The complaint alleges acts of unfair competition in violation of plaintiff's common law rights and seeks damages and injunctive relief. There is no diversity of citizenship. The complaint deliberately avoids any reference to registered trade-marks, letters patent or any Federal statute and is clearly bottomed upon an alleged violation of plaintiff's common-law rights.

Plaintiff and not the defendant is the pleader and it is entitled to assert that cause of action which it believes will vindicate its rights. It cannot be compelled to rely upon a federally created right.

The defendant's reliance upon Chief Judge Clark's concurring opinion in Maternally Yours, Inc., v. Your Maternity Shop, 2 Cir., 234 F.2d 538, is misplaced since that action was brought under the theory of pendent jurisdiction involving a claim asserted under the Lanham Act and another under common-law unfair competition. The fact that Congress granted a remedy in addition to that existing under State law does not, absent a showing of exclusiveness of remedy or preemption of the field by the Congress, compel a party to resort to the Federal forum for the assertion of its rights.[1]

The complaint pleads a simple non-federal claim and the motion to remand must be granted. In so holding the Court subscribes to the views expressed by Judge Murphy in Fluidless Non-Tact Lenses, Inc., v. Klear Vision Contact Lens Specialists, Inc., D.C.S.D.N.Y., 158 F. Supp. 145.

---

1. Cf. Commonwealth of Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640.