**J. H. SMITH CO., Inc.**

v.

**JORDAN MARSH COMPANY, Beacon Enterprises, Inc., and Parke Snow, Inc.**

**Civ. A. No. 58–324–F.**

United States District Court
D. Massachusetts.

April 21, 1958.

W. R. Hulbert, Fish, Richardson & Neave, William W. Rymer, Jr., Boston, Mass., Merrill F. Steward, New Haven, Conn., for plaintiff.

L. William Bertelsen, III, Kenway, Jenney, Witter & Hildreth, Harris A. Reynolds, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff in this action as well as two of the defendants, Jordan Marsh Company and Parke Snow, Inc., are Massachusetts corporations and the third defendant, Beacon Enterprises, Inc., is a New York Corporation. The complaint alleges that plaintiff manufactures an exercising device which it advertises and sells under the trademark Slim-Cycle and a distinctive label which it has registered in accordance with Mass.G.L., Ch. 110, § 8. There is no allegation of any Federal registration of the trademark or label. It is further alleged that Beacon manufactures a substantially identical exerciser which it puts on the market under the name Slender-Cycle, using a label which is a counterfeit and imitation of plaintiff's label, and that the other two defendants have advertised and sold Beacon's exerciser using the name Slender-Cycle and Beacon's label.

The action was commenced in the state court and removed to this court by defendant Beacon. Plaintiff now moves to remand the case to the state court. Beacon contends that the action was properly removable under 28 U.S.C.A. § 1441 (a) because the complaint sets forth a claim within the original jurisdiction of this court under 28 U.S.C.A. § 1338(a) and also removable under 28 U.S.C.A. § 1441(c) on the ground that the complaint sets forth a separate and independent claim against Beacon, between whom and plaintiff there is diversity of citizenship.

■■■ Beacon argues that the complaint states a claim under § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a), and is therefore one within the original jurisdiction of this Court. Assuming, however, that the facts set forth would constitute a cause of action under 43(a), the fact remains that plaintiff clearly has elected not to assert any rights it may have under the Lanham Act, but expressly relies only on its rights under common law and the Massachusetts statutes. A case to be removable must set forth a claim arising under the Federal law. It is not enough that plaintiff might on the facts have asserted a Federal claim when he clearly has chosen not to do so. Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939; Fluidless Non-Tact Lenses, Inc., v. Klear Vision Contact Lens Specialists, Inc., D.C., 158 F.Supp. 145; Harrison Laboratories, Inc., v. House of Barri, Inc., D.C.S.D. N.Y., 162 F.Supp. 202.

■■■ Neither does the complaint set forth a separate and independent claim or cause of action against defendant Beacon within the meaning of 28 U.S.C.A. § 1441(c). As the Supreme Court has pointed out, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702. Here plaintiff asserts a single wrong, the use of an infringing label and trademark and other deceptive practices to pass off Beacon's product as that of plaintiff, and asserts its claim against the manufacturer of the offending product and two retailer sellers of that product. It is doubtful if the complaint sets forth a separable controversy against Beacon such as was required for removal before the enactment of the present § 1441(c). Lever Bros. Co. v. J. Eavenson & Sons, Inc., D.C., 7 F.Supp. 679. Clearly it does not set forth the separate and independent claim which is required by the present statute. Knight v. Chrysler Corporation, D.C., 134 F.Supp. 598, 600; Ronson Art Metal Works, Inc., v. Comet Import Corp., D.C., 103 F.Supp. 531; Silverman v. Swift & Co., D.C., 100 F.Supp. 961.

Plaintiff's motion to remand to the state court is allowed.