Peter H. GARDNER, Petitioner-
Defendant,

v.

CLARK OIL & REFINING CORPORA-
TION, a Wisconsin corporation,
Respondent-Plaintiff.

Civ. A. No. 74–C–452.

United States District Court,
E. D. Wisconsin.

Oct. 25, 1974.

William E. Glassner, Jr., Milwaukee, Wis., for petitioner-defendant.

Robert V. Abendroth, Milwaukee, Wis., for respondent-plaintiff.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On October 3, 1974, Clark Oil & Refining Corporation commenced this action in the Circuit Court of Waukesha County, Wisconsin, to enjoin Peter H. Gardner, a Clark dealer, from continued alleged infringement of Clark's state trademarks in violation of Section 132.02 (3), Wisconsin Statutes. On October 4, 1974, petitioner Gardner removed the action to this court. The matter presently before this court is Clark's motion to remand the action to the Circuit Court of Waukesha County. This court concludes that Clark's motion to remand must be granted.

Section 1441(b) of Title 28 of United States Code provides that an action "arising under the Constitution, treaties or laws of the United States" may be removed regardless of the citizenship or residence of the parties. When removal jurisdiction is claimed over such an action, the "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridan, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The presence of the federal question must be found in the state complaint unaided by the petition for removal. Columbia Pictures Corp. v. Towne Theatre Corp., 282 F.Supp. 467 (E.D. Wis.1968); Mercury Record Productions, Inc. v. Economic Consultants, Inc., 360 F.Supp. 129 (E.D.Wis.1973); 1A Moore's Federal Practice, ¶ 0.160 at p. 182. Clark's state court complaint alleges a single cause of action for infringement of a trademark created by state law, § 132.02(3) of the Wisconsin Statutes, and seeks the injunctive remedy expressly provided by § 132.02(3)[1]. No federal claim appears on its face. Thus the action is not removable under the standard laid down in *Gully*, supra.

An exception to the requirement that the federal question appear on the face of the complaint is found where the state law giving rise to the action has been preempted by federal law. Fischer v. Holiday Inn of Rhinelander, Inc., 375 F.Supp. 1351 (W.D. Wis. 1973); Fay v. American Cystoscope Makers, 98 F.Supp. 278 (S.D.N.Y. 1951); 1A Moore's Federal Practice, ¶ 0.160 at p. 189. Gardner contends that in light of the federal registration of Clark's trademarks pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., the state action necessarily gives rise to a federal question over which federal courts have original jurisdiction under 28 U.S.C. § 1338.[2] Essentially peti-

---

1. Section 132.02(3) provides:
   "* * * it shall be unlawful for any other person to make use of such * * * trade-mark * * * in the conduct of his business or any business transaction without the express consent, license, and authority of the person * * * owning the same, and such unauthorized and unlawful use may be prohibited and prevented by injunction * * * in a court of competent jurisdiction * * * . * * * * "

2. 28 U.S.C. § 1338 provides in pertinent part:
   "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

tioner attempts to bring himself within the preemption exception by contending that the federal law governing trademarks is at the heart of the controversy and preempts the state statutes governing trademarks. However the Lanham Act, 15 U.S.C. § 1051 et seq., does not preempt reliance on state trademark laws. M & D Simon Co. v. R. H. Macy & Co., 152 F.Supp. 212 (S.D.N.Y.1957); Application of State of New York, 362 F.Supp. 922 (S.D.N.Y.1973). In Fischer v. Holiday Inn of Rhinelander, Inc., 375 F.Supp. 1351 (W.D.Wis.1973), plaintiffs brought and action in the Wisconsin Circuit Court seeking injunctive relief under the Wisconsin trademark statutes and defendant removed the action to federal court. In remanding the action to state court, Judge Doyle specifically held that the Lanham Act did not preempt Wisconsin law of trademark infringement:

> "§ 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), created a federal tort of unfair competition. The Court of Appeals for this circuit has held that § 1125(a) does not pre-empt the state law of unfair competition and trademark infringement. City Messenger of Hollywood v. City Bonded Mess. Serv., 254 F.2d 531, 533–534 (7th Cir. 1958); Radio Shack Corporation v. Radio Shack, 180 F.2d 200, 202 (7th Cir. 1950). Therefore, I conclude that this action cannot be removed under the [preemption] exception * * *." 375 F. Supp. at 1353.

Therefore petitioner cannot rely on the preemption exception and must establish a federal question within the unaided allegations of the state complaint, which, as noted above, he has not done.

■ This court also finds irrelevant the fact that the allegations of Clark's complaint would in all probability give rise to a cause of action under the Lanham Act. Where plaintiff's claim gives rise to a cause of action under both a federal ground and a state ground, "plaintiff is entitled to ignore the federal question and pitch his claim on the state ground." 1A Moore's Federal Practice, ¶ 0.160 at p. 185; Peterson v. Brotherhood of Local Firemen & Eng., 272 F.2d 115 (7th Cir. 1959). Plaintiff is master of his claim and his choice of state, as opposed to federal law as the basis of his claim is to be respected. It has been so held in numerous cases dealing with the precise issues involved in this case. J. H. Smith Co. v. Jordan Marsh Co., 161 F.Supp. 659 (D.Mass.1958); M & D Simon Co., v. R. H. Macy Co., 152 F.Supp. 212 (S.D. N.Y.1957); Cue Publishing Co. v. Colgate-Palmolive Co., 233 F.Supp. 443 (S.D.N.Y.1964); Fischer v. Holiday Inn of Rhinelander, Inc., supra; Fluidless Non-Tact Lenses v. Klear Vision Con. Lens. Sp., 158 F.Supp. 145 (S.D.N.Y. 1958). As succinctly stated in J. H. Smith Co. v. Jordan Marsh Co., 161 F. Supp. 659, 660 (D.Mass.1958).

> " * * * Assuming, however, that the facts set forth would constitute a cause of action under 43(a), the fact remains that plaintiff clearly has elected not to assert any rights it may have under the Lanham Act, but expressly relies only on its rights under common law and the Massachusetts statutes. A case to be removable must set forth a claim arising under the Federal law. It is not enough that plaintiff might on the facts have asserted a Federal claim when he clearly has chosen not to do so."

■ Gardner also contends that the face of the complaint alleges facts which constitute a *per se* violation of the Federal Antitrust Laws. Clark's complaint is not based on the United States Antitrust Laws and the fact that Clark may have violated the Antitrust Laws would be a *matter of defense* to the state court action. It has long been established that an action based on state law is not removable because of a defense based on federal law. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 L.Ed. 42, 53 L.Ed. 126 (1908); Spring

City Flying Service, Inc. v. Vogel, 281 F. Supp. 594 (E.D.Wis.1968).

Finally petitioner contends that the action is removable because it raises identical issues to those raised in In re Clark Oil & Refining Corp., Antitrust Litigation, 364 F.Supp. 458, which is currently pending in this court. In order to be removable, § 1441(b) requires that this court have "original" jurisdiction over the action. While some type of derivative jurisdiction may be conferred upon this court by virtue of the prior pending litigation, such litigation will not confer "original" jurisdiction on this court. "Original" jurisdiction is clearly required for removal.

It is therefore ordered that the motion of Clark Oil & Refining Corporation to remand the action be and hereby is granted, and its motion for costs and disbursements incurred in this court by virtue of these removal proceedings be and hereby is denied.