Optical Alignment v. Alignment Servs. CV-95-94-JD    08/08/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Optical Alignment Systems
And Inspection Services, Inc.

    v.                                    Civil No. 95-094-JD

Alignment Services of North
America, Inc., et al.


O R D E R


The plaintiff, Optical Alignment Systems and Inspection Services, Inc. ("OASIS"), brings this action against Alignment Systems of North America, Inc. ("NAAS"); Zane Blanchard and Co. ("ZBC"); and Timothy MacDonald and Paul Dallaire, current NAAS employees and former OASIS employees.  The plaintiff alleges claims of (1) misappropriation of a trade secret in violation of N.H. Rev. Stat. Ann. ("RSA") § 350-B and New Hampshire common law by NAAS, MacDonald, and Dallaire; (2) breach of a confidential relationship by MacDonald and Dallaire; (3) breach of contract by MacDonald; (4) wrongful interference with contractual relations by NAAS and Dallaire; (5) trademark infringement in violation of 15 U.S.C. § 1114, RSA § 350-A:11, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by NAAS and ZBC; (6) unfair competition

by NAAS and ZBC; and (7) interference with economic advantage by NAAS and ZBC.[1]

Before the court is the plaintiff's motion to remand (document no. 8).

## Background

The following facts are alleged by the plaintiff in its petition for temporary and permanent injunction ("complaint") and are presumed true for the purpose of the instant motion. NAAS is a competitor of OASIS in the field of optical alignment services. In this industry, competitors submit bids to potential customers. NAAS and Dallaire hired MacDonald, then an OASIS employee, with the intent and purpose of misappropriating the plaintiff's trade secret, a computer-based pricing formula used in the formulation of bids presented to potential customers, in violation of RSA § 350-B and New Hampshire common law. Divulgence of the trade secret breached the employee secrecy agreement between OASIS and MacDonald. Additionally, ZBC, acting as an agent of NAAS, advertised services using a trademark similar to that of the plaintiff, in violation of 15 U.S.C. § 1114, RSA § 350-A:11, and the Lanham Act's proscription of false designations of origin and

_____

[1]The plaintiff's Petition for Temporary and Permanent Injunction is not entirely clear as to which claims apply to which defendants.

false descriptions, 15 U.S.C. § 1125(a).  The plaintiff also contends that the use of the trademark and pricing formula constitutes unfair competition under New Hampshire common law.

Plaintiff initiated the action by writ filed in New Hampshire state court on January 20, 1995.  The defendants removed the action to this court on February 22, 1995, basing the court's jurisdiction on the existence of a federal question as provided by 28 U.S.C. § 1331.  The instant motion to remand followed.

## Discussion

The plaintiff does not dispute that the court has the statutory authority to exercise jurisdiction over the entire case.  See Complaint at ¶ 8.[2]  The plaintiff concedes that the court has original jurisdiction over the trademark infringement claim against ZBC because it "implicates a violation of 15 U.S.C. § 1114, et seq. and Section 43(a) of the Lanham Act, 15 U.S.C. §

---

[2]The plaintiff asserts that the removal of this action is based on the "separate and independent" claim provision of the removal statute, 28 U.S.C. § 1441(c), while the defendants assert that removal is appropriate based on the "arising under" provision of the removal statute, 28 U.S.C. § 1441(b), and the congressional grant of supplemental jurisdiction to the district courts, 28 U.S.C. § 1367(a).  However, the court need not determine the proper basis for removal because neither party disputes the power of the court to hear the state law claims and because the discretionary factors in § 1367(c) encompass the discretionary factor in § 1441(c).

1125(a), causing the claim to become a federal question under 28 U.S.C. 1331 [sic]." Motion to Remand at 1. However, the plaintiff asks the court to exercise its discretion to remand the case to state court. Motion to remand at ¶ 8.[3]

Even if removal is statutorily sufficient, the court has discretion to remand the case under certain circumstances. Pueblo Int'l Inc. v. DeCardona, 725 F.2d 823, 825 (1st Cir. 1984). In United Mine Workers v. Gibbs, the Supreme Court held that:

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (citing Gibbs, 383 U.S. at 726-27). In 1990, Congress codified the Gibbs factors at 28 U.S.C. § 1367(c). Section 1367(c) provides:

---

[3]The plaintiff also argues that the case should be remanded because the trademark infringement claim could be adequately adjudicated solely by application of New Hampshire state law. Motion to Remand at 2. The argument fails because, "[a]s the master of his claim," the plaintiff's own decision to incorporate federal claims in the complaint "opened the door for [the defendants] to remove the case to the federal court." Ching v. Mitre Corp., 921 F.2d 11, 14 (1st Cir. 1990); see D'Allesandro, slip op. at 4.

4

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
   **(1)** the claim raises a novel or complex issue of State law,
   **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
   **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The court finds that it is not appropriate to remand this action. First, the plaintiff's claims of misappropriation of a trade secret, breach of a confidential relationship, breach of contract, wrongful interference with contract, trademark infringement, unfair competition, and interference with economic advantage raise neither novel nor complex issues of state law such that a remand would be justified. See 28 U.S.C. § 1367(c)(1).

Second, the state claims do not "substantially predominate" over the claims in which this court has original jurisdiction. See 28 U.S.C. § 1367(c)(2). The complaint specifically alleges federal statutory claims regarding trademark infringement and false designations of origin and descriptions. Moreover, Section 1338(a) of Title 28 of the United States Code states that "[t]he district courts shall have original jurisdiction of any civil

5

action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws."  28 U.S.C. § 1338(a); see also Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538, 543-44 (2nd Cir. 1956) (court has jurisdiction over unfair competition claim based on state common law where claim involved trade-mark infringement); ISC-Bunker Ramo Corp. v. Altech, Inc., 765 F. Supp. 1310, 1328 (N.D. Ill. 1990) (court has jurisdiction over trade secret claim and interference with contract claim where claim involved copyright infringement); Harrison Laboratories, Inc. v. House of Barri, Inc., 162 F. Supp. 202, 203 (S.D.N.Y. 1958) (no jurisdiction over state unfair competition claim where plaintiff did not include federal claim in complaint).  Therefore, the court cannot conclude that the state claims "substantially predominate" over the federal claims.

Third, the court has not dismissed any of the federal claims in the plaintiff's action at this point in time.  See 28 U.S.C. § 1367(c)(3).

Finally, the plaintiff does not assert that there are any "exceptional circumstances" that compel this court to decline jurisdiction over the claims.  See 28 U.S.C. § 1367(c)(4).

Based on its application of the Gibbs factors as well as those outlined in 28 U.S.C. § 1367(c), the court concludes that

6

it is not appropriate to remand the state law claims and, as such, the court will exercise its discretion to hear the entire case.

Conclusion

For the reasons set forth above, the plaintiff's motion to remand (document no. 8) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

August 8, 1995

cc:   Stephen J. Tybursky, Esquire
      Lawrence M. Edelman, Esquire
      Anthony M. Bonanno, Esquire

7
