1st NATIONAL RESERVE,
L.C., Plaintiff,

v.

John Kennedy VAUGHAN (a/k/a Kenny Vaughan) and Jeffery S. Knight (a/k/a Jeff Knight), Individually and d/b/a International Currency Reserve, Defendants.

No. 1:96–CV 0050.

United States District Court,
E.D. Texas,
Beaumont Division.

May 20, 1996.

Kerwin Brent Stone, Moore Landrey Garth Jones Burmeister & Hulett, Beaumont, TX, for 1st National Reserve L.C.

Bruce Manuel Partain, Jim Mitchell Smith, Wells Peyton Beard Greenberg Hunt & Crawford, Beaumont, TX, for John Kennedy Vaughan, Individually aka Kenny Vaughn dba International Currency Reserve, Jeffery S. Knight, Individually dba International Currency Reserve.

## MEMORANDUM OPINION

COBB, District Judge.

### I. BACKGROUND.

Today the court considers whether the defendants properly removed this suit to federal court. The plaintiff claims in its motion to remand that its state court prayer for injunctive relief and monetary damages is solely founded upon state causes of action. The defendant argues this court has jurisdiction over this matter pursuant to the Lanham Trademark Act, 15 U.S.C.A. § 1051–1127.

1st National Reserve ("National"), the plaintiff, engages in the sale of current issue and old gold, silver and platinum coins. National alleges that its business is highly successful because of its ability to develop a competitive advantage due to its long experience, careful refinement of customer lists, and extensive training of its salespersons in marketing strategies.

In 1989, both John Vaughan and Jeffery Knight, the defendants in this case, were hired and trained as salespersons by National. In 1993, the defendants voluntarily resigned from National to open up their own coin-selling business, International Currency Reserve. In a related state court decision,[1] the plaintiff was able to partially enforce covenants not to compete and confidential information covenants against the defendants.

National has now filed this action (the second such state court action) in the 60th District Court in Jefferson County, Texas. The plaintiff alleges the defendants are violating certain directives in the judgment of the first state case and are generally engaged in wrongful efforts to raid the plaintiff's business and property rights.

Specifically, the plaintiff alleges that the defendants' conduct constituted infringement of trademark, service mark, and trade name. The alleged wrongful conduct also includes breach of contract, the tort of misappropriation, breach of fiduciary duties, unfair competition, and tortious interference with existing and prospective economic advantage. The plaintiff asks for relief in the form of actual damages and a permanent injunction enjoining the defendants from using any mark, identification, or advertisement that is a colorable imitation of plaintiff's mark, name, or advertising in connection with the sale of coins within the United States, its territories, and Canada.

## II. DISCUSSION.

The defendants removed this action pursuant to the federal question provision of the removal statute. 28 U.S.C. § 1441(b). The defendants argue that this action is really one arising under federal law,[2] namely the Lanham Act. The defendants urge three reasons for this conclusion: first, "if the alleged infringement affects Plaintiff's interstate business, then the [Lanham Act's] jurisdictional requirement is satisfied"; second, the plaintiff's alleged state-created rights to relief necessarily depends on the resolution of a substantial question of federal law; and third, the remedy the plaintiff seeks (a national and multi-national injunction against the defendants) is a federal one. Each of these claims of removal jurisdiction are addressed below.

### A. Preliminaries: Section 1338(a) does not require removal.

█ The preliminary question is to dispose of any possible contention that section 1338(a) of Title 28 provides for exclusive federal jurisdiction of trademark disputes. The construction of that provision makes plain that although patent, plant variety protection, and copyright claims do invest federal courts with exclusive jurisdiction, trademark claims do not.[3]

### B. The Lanham Act's Interstate Commerce Requirement.

█ The defendants argue that because some of the sale and solicitation activities of which the plaintiff complains are interstate in

---

1. Final judgment in that case was entered on June 20, 1993.

2. "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983).

3. The only possible importance of section 1338(a) to the case at bar is that it grants original jurisdiction to district courts over actions arising under federal acts relating to trademarks. This is a curious enabling statute. The court is unaware of federal causes of action relating to

nature, the federal law[4] which protects the integrity of trademarks in interstate commerce is applicable. This court is of the view that such argument is not the law.

■ The cases which the defendants cite for the proposition that a minimal interstate nexus is required for jurisdiction to attach are in the original subject matter context and not the removal subject matter context. That is, a minimal connection to interstate commerce is *necessary* for subject matter jurisdiction to attach; however, that jurisdictional requirement is *not sufficient* in the removal context. The defendant must prove that the plaintiff seeks relief under the Lanham Act.[5]

■ The well-pleaded complaint rule dictates that in all but the rarest of cases federal courts are to look no further than the face of a plaintiff's complaint to determine whether a federal basis of jurisdiction exists. *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (holding that before removal is proper under section 1441 analysis, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").

■ When a plaintiff, as in this case, files a complaint which casts its causes of action in terms of state law, then barring diversity there are only two reasons to permit removal to federal court. First, if the subject of the lawsuit has been completely preempted by an area of federal law;[6] second, if the case necessitates the resolution of a substantial question of federal law.[7]

This court has found no substantial body of cases which hold that trademark law is an area of complete federal preemption. Hence, the defendants can only rest upon this second route of proper removal; *viz.,* is a substantial question of federal law necessarily material to determining the merits of the action? Some have termed the practice of a plaintiff attempting to defeat removal by omitting to plead necessary federal questions in a complaint as artful pleading. The question, then, is whether the plaintiff in this case is engaging in artful pleading which is grounds for departing from the well-pleaded complaint rule.

## C. Resolving a Substantial Question of Federal Law.

■ The fact that a federal cause of action has all the elements necessary for recovery under a state cause of action does not necessarily mean the federal law preempts the state law claim. There is no civil *Blockburger test*[8] for preemption purposes. Indeed, even if the elements of the federal cause of action and that of the state are coextensive, both may remain in full force. Only when

---

trademarks that would not already have section 1331 ("federal question") jurisdiction.

4. The elements of a Lanham Act violation are: first, the defendant used in connection with trade a false designation of origin or false description or representation; second, the defendant caused such goods and services to enter into commerce; and third, that the plaintiff is a person who believes that he or she is likely to be damaged as a result. 15 U.S.C. § 1125(a) (known as "section 43(a)"); *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.,* 906 F.2d 1202, 1203 (7th Cir.1990). Relief for violation of the Act are wide-ranging including not only a remedy of damages caused to the plaintiff but also responses to the defendant's unjust enrichment or need for deterrence such as recovery of profits, an award of costs, and sometimes an award of attorney's fees. *Web Printing* at 1205 (finding that proof of actual injury caused by confusion is unnecessary for recovery).

5. In other words, the interstate jurisdictional requirement is the threshold that the plaintiff must

prove to invoke federal protection of a trademark. To defeat the plaintiff's choice of forum, however, the defendants must both prove this element and also that the plaintiff is really seeking to invoke the protections afforded by federal law. It is this second proof that has never been established in this action.

6. Complete preemption exists in patent, ERISA, LMRA, and other such areas of law.

7. For removal analysis, a federal question is raised in those cases where the well-pleaded complaint establishes either that the cause of action is created by federal law or that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Peters v. Union Pacific R.R. Co.,* 80 F.3d 257, 260 (8th Cir.1996).

8. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

there is complete, actual, or conflict preemption will the state law bow to the supremacy of the federal law.

■ Again, the Lanham Act does not totally preempt the regulation and enforcement of trademarks, nor is there express actual preemption of the state causes of action that the plaintiff asserts in this case. It could be argued there is implied actual preemption of all state unfair competition claims. Furthermore, some have argued that all such state unfair competition claims are subject to conflict preemption because they frustrate one of the aims of the Lanham Act—national uniformity of protection and remedies for interstate violations of trademark.[9]

Although ultimately unpersuaded by these views, this court is without the power to hold that federal law does or does not preempt these Texas claims.[10] The correct forum for that determination given the procedural posture of this action is the state court.[11]

■ Simply because a cause of action might be preempted by federal law is generally not enough to cause federal removal jurisdiction to attach; the claim of preemption is instead treated as a defense and addressed by the state court. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

■ The Texas law causes of action for unfair competition are separate and independent claims distinguishable from a federal trademark infringement or unfair competition claim under the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a). Plaintiff has plead purely state law claims. This court should not recharacterize those claims as federal trademark claims. *See, e.g., Passalacqua Corp. v. Restaurant Mgmt. II, Inc.,* 885 F.Supp. 154 (E.D.Mich.1995). Hence, these state claims are neither created by federal law nor is a resolution of a substantial federal law necessarily material to the outcome of this suit.[12]

### D. Federal Remedy.

■ Finally, the defendants argue that because the plaintiff seeks a remedy interstate in nature (an injunction that extends beyond the borders of Texas) and is coextensive with a remedy provided under the Lanham Act, the plaintiff's claims are removable.

---

9. *See, e.g.,* Paul Heald, UNFAIR COMPETITION AND FEDERAL LAW: CONSTITUTIONAL RESTRAINTS ON THE SCOPE OF STATE LAW, 54 U.Chi.L.Rev. 1411 (Fall 1987) (suggesting that the Lanham Act preempts all state law in the field of unfair competition on a uniformity rationale); *United States Jaycees v. Commodities Magazine, Inc.,* 661 F.Supp. 1360, 1365–68 (N.D.Iowa 1987) (holding Lanham Act preempted Iowa dilution statute); *but see Ringling Bros.–Barnum & Bailey Combined Shows, Inc. v. Celozzi–Ettelson Chevrolet, Inc.* 855 F.2d 480, 483 (7th Cir.1988) (finding no direct conflict between the Lanham Act and a state anti-dilution act).

10. Although the court is somewhat concerned with the possibility of a checkerboard of rights protecting the same interstate commerce interests, it seems clear that in most circumstances Congress wanted to keep common law remedies intact. For an excellent discussion of these issues see *M. & D. Simon Co. v. R.H. Macy & Co.,* 152 F.Supp. 212, 214–16 (S.D.N.Y.1957) ("The discussion at the hearings on the bill showed an intent to preserve the existing common law protection").

11. Several federal cases have held that a plaintiff in a trademark case is entitled to assert such cause of action as it believes will vindicate its rights. Defendant generally cannot remove action and in doing so compel the plaintiff to rely upon the Lanham Act cause of action. *Harrison Laboratories v. House of Barri,* 162 F.Supp. 202 (S.D.N.Y.1958); *Gardner v. Clark Oil & Refining Corp.,* 383 F.Supp. 151 (E.D.Wis.1974); *see J.H. Smith Co. v. Jordan Marsh Co.,* 161 F.Supp. 659, 660 (D.Mass.1958):

> Assuming, however, that the facts set forth would constitute a cause of action under 43(a), the fact remains that plaintiff clearly has elected not to assert any rights it may have under the Lanham Act, but expressly relies only on its rights under common law and the Massachusetts statutes. A case to be removable must set forth a claim arising under Federal law. It is not enough that plaintiff might on the facts have asserted a Federal claim when he clearly has chosen not to do so.

*Contra Ronson Art Metal Works v. Hilton Lite Corp.,* 111 F.Supp. 691 (N.D.Cal.1953) (denying remand because the practices of which the plaintiff complains, although local, affected interstate commerce expressly following a Ninth Circuit decision).

12. Indeed, even if a state cause of action requires some analysis of federal law, this alone will not invoke federal jurisdiction. *See Moore v. Chesapeake & Ohio R.R. Co.,* 291 U.S. 205, 214–15, 54 S.Ct. 402, 405–06, 78 L.Ed. 755 (1934). The federal law's role in the case must be substantial.

This is an interesting argument. The court, however, will not recharacterize the plaintiff's claims simply because they may track some language in the Lanham Act. *Contra* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition (3rd Ed.1995), Vol. 4, § 32.02[4][c], pp. 32–19, 32–20 ("A plaintiff in state court who wishes to stay there must carefully word the complaint to avoid tracking the language of Lanham Act § 43(a) and to avoid any reference to interstate usage by either plaintiff or defendant.").

Instead, the plaintiff will be limited in state court to those remedies which the common law and the Texas legislature have provided. If those remedies conflict in some way with federal law (including the Lanham Act, the commerce clause, the due process clause, the full faith and credit clause, or any other relevant federal law), then the state court will not grant such remedy. As a general matter, the court is of the opinion that a state court may issue remedies that are national and even international in effect.[13]

## III. CONCLUSION.

For the defendants to successfully invoke the jurisdiction of this court, they have the burden [14] of proving that a substantial question of federal law [15] is necessary to the resolution of this action. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) (concluding that if it appears "that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or if plaintiff's claim is "really one of federal law," then the matter is removable); *see, e.g., Grynberg Production Corp. v. British Gas, p.l.c.,* 817 F.Supp. 1338 (E.D.Tex.1993) (J. Schell). The defendants have not met this burden.[16]

The plaintiff's vindication of rights created under state law does not necessarily turn on a construction of federal law. *See, e.g., Hill v. Marston,* 13 F.3d 1548 (11th Cir.1994). If the plaintiff discovers that its causes of action have been preempted by federal law, it may find that the state court allows it to sue under a concurrent federal cause of action or perhaps that the state court dismisses the action with prejudice. In either case, the plaintiff has been the master of its complaint.

This court lacks subject matter jurisdiction over this action, and it must be remanded to state court.

---

13. For the proposition that a national injunction is not necessarily a "federal remedy" see *Duncan v. Stuetzle,* 76 F.3d 1480 (9th Cir.1996).

14. *See Harris v. Provident Life and Accident Insurance Co.,* 26 F.3d 930, 932 (9th Cir.1994). The federal question removal statute, 28 U.S.C. 1441(b), is strictly construed due to the "[c]ongressional purpose to restrict the jurisdiction of the federal courts on removal." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The court must reject exercise of jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir.1992) (citation omitted).

15. To illustrate the distinction between a substantial versus and unsubstantial question of federal law compare *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921) with *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In *Smith,* the Court found that when a plaintiff alleges the unconstitutionality of federal statutes as an element of an otherwise state law cause of action, the important federal interest in the constitutionality of federal statutes made the resolution of the federal question substantial. In *Merrell Dow,* however, a state law tort claim which required a violation of a federal standard to establish a prima facie case did not require a substantial federal question to be resolved.

16. Defendants cannot remove an action without express subject matter jurisdiction created by Congress. *See* 28 U.S.C. § 1441(a). There has been no successful showing of a basis for removal in this action.